**BRAGAR EAGEL & SQUIRE, P.C.**
Marion C. Passmore (#228474)
101 California Street, Suite 2710
San Francisco, California 94111
Tel.: (415) 365-7149
Fax: (212) 214-0506
Email: passmore@bespc.com

*Proposed Liaison Counsel for the Proposed Class*

(*Additional Counsel on signature page*)

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS GREENE, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GRANITE CONSTRUCTION INCORPORATED, JAMES H. ROBERTS, and JIGISHA DESAI,<br><br>Defendants. | Case No.:  3:19-cv-04744-WHA<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION OF AHMAD RATEGH FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Judge:  Honorable William H. Alsup<br><br>Hearing Date: November 21, 2019<br>Time: 8:00 AM<br>Courtroom: 12- 19th Floor |

**TO:   ALL PARTIES AND THEIR COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that on Thursday, November 21, 2019, at 8:00 a.m. before the Honorable William H. Alsup in San Francisco Courthouse, Courtroom 12- 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, class member Ahmad Rategh, will, and hereby does move this Court for an order granting his Motion:

(a) appointing Mr. Rategh as Lead Plaintiff; and

(b) approving Mr. Rategh's selection of Bernstein Liebhard LLP ("Bernstein Liebhard") as Lead Counsel and Bragar Eagel & Squire, P.C. ("Bragar Eagel & Squire") as Liaison Counsel for the proposed Class.

This Motion is brought pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), and Rule 42(a) of the Federal Rules of Civil Procedure, on the grounds that:

(1) Ahmad Rategh should be appointed as Lead Plaintiff for the class of shareholders that purchased or otherwise acquired Granite Construction Inc. securities between October 26, 2018 and August 1, 2019, both dates inclusive (the "Class Period"), as Mr. Rategh has timely made this Motion, has the largest financial interest and otherwise satisfies the pertinent requirements of Federal Rule of Civil Procedure 23; and

(2) Ahmad Rategh's selection of Bernstein Liebhard as Lead Counsel and Bragar Eagel & Squire as Liaison Counsel should be approved as the firms are well qualified and have extensive experience in cases of this type.

This Motion is supported by the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of Marion C. Passmore, the pleadings and other filings in this action, and such other written or oral argument as may be permitted by the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Ahmad Rategh respectfully submit this memorandum of points and authorities in support of his motion for:

(a) appointment as Lead Plaintiff for the proposed Class, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and

(b) approval of his selection of Bernstein Liebhard LLP ("Bernstein Liebhard") as Lead Counsel and Bragar Eagel & Squire, P.C. ("Bragar Eagel & Squire") as Liaison Counsel for the proposed Class.

**PRELIMINARY STATEMENT**

Presently pending in this Court is the above-captioned securities class action lawsuit (the "Action") alleging violations of the Exchange Act brought on behalf of a proposed class of shareholders that purchased or otherwise acquired Granite Construction Incorporated ("Granite Construction" or the "Company") securities between October 26, 2018 and August 1, 2019, inclusive (the "Class Period").

Under the PSLRA, class action complaints alleging violations of the Exchange Act trigger statutory requirements for selecting the most adequate plaintiff to lead the action. The presumptive lead plaintiff is the movant that has both the largest financial interest in the litigation and has made a *prima facie* showing that he or she is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.

Ahmad Rategh satisfies these requirements. First, Mr. Rategh has a large financial interest in the Action as he lost $22,357.07 on his purchases of Granite Construction securities during the Class Period. Thus, Mr. Rategh's substantial financial interest will ensure his vigorous prosecution of the Class' claims. Second, Mr. Rategh satisfies Federal Rules 23(a)(3) and (a)(4), as his claims are typical of the claims of the Class and Mr. Rategh will fairly and adequately represent the interests of the Class. Additionally, Mr. Rategh has selected experienced and qualified counsel that can adequately represent the Class here.

Accordingly, for the reasons discussed below, Mr. Rategh respectfully requests that the Court grant his motion to appoint him as Lead Plaintiff, and approve his choice of counsel.

**SUMMARY OF THE COMPLAINT**

Granite Construction purports to be one of the largest diversified infrastructure companies in the United States. In the public sector, the Company focuses on heavy-civil infrastructure projects such as roads, highways, and power-related facilities. The Company is incorporated in Delaware with its principal executives offices located in Watsonville, California.

The Action alleges that throughout the Class Period, the Defendants made materially false and misleading statements regarding the Company's business, operations and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose: (1) that the Company had assumed certain risks in connection with its heavy civil joint venture projects bid between 2012 and 2014; (2) that there was an "untenable" imbalance of risk sharing between the Company and the joint venture project owners; (3) that, as a result, the Company was reasonably likely to incur additional project costs for its joint venture projects; (4) the Company was reasonably likely to incur additional costs in connection with certain project disputes; and (5) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects and prospects were materially misleading and/or lacked a reasonable basis.

On July 29, 2019, after the market closed, the Company disclosed that second quarter 2019 financial results were negatively impacted by non-cash charges related to four legacy, unconsolidated heavy civil joint venture projects. On this news, the Company's stock price fell $7.98 per share, or nearly 18%, to close at $36.49 per share.

Then on August 2, 2019, before the market opened, the Company announced its second quarter 2019 financial results which included a $114.2 million revenue reduction due to charges disclosed earlier that week.

On this news, the Company's stock price fell $2.78 per share, or over 8%, to close at $31.22 per share on August 2, 2019.

# ARGUMENT

## I. THE COURT SHOULD APPOINT AHMAD RATEGH AS LEAD PLAINTIFF

### A. The Procedure Required by the PSLRA

The PSLRA establishes a straightforward sequential procedure for selecting a Lead Plaintiff in "each private action arising under [the Exchange Act or the Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Sections 21D(a)(1) and (a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish a notice (the "Early Notice") to the class within 20 days of filing the action informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as Lead Plaintiff within 60 days after publication of the Early Notice. 15 U.S.C. § 78u-4(a)(3)(A)(i). Second, the PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by putative class members in response to an Early Notice by the later of: (i) 90 days after publication of the Early Notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). Finally, in considering any motion to serve as Lead Plaintiff, the Court "shall appoint as lead plaintiff" the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the person or group that:

i) has either filed the complaint or made a motion in response to an Early Notice;

ii) in the determination of the court, has the largest financial interest in the relief sought by the class; and

iii) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

This presumption "may be rebutted only upon proof" by a putative class member that the presumptively most adequate plaintiff: (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth herein, Ahmad Rategh meets the foregoing criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### B.      Ahmad Rategh is the Most Adequate Plaintiff

Ahmad Rategh respectfully submits that he is presumptively the "most adequate plaintiff" because he has made a motion in response to an Early Notice, has the largest financial interest in the relief sought by the Class, and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

#### 1.      Ahmad Rategh's Motion is Timely

On August 13, 2019, the Early Notice was published via *Businesswire*. *See* Declaration of Marion C. Passmore ("Passmore Decl."), Ex. A. Accordingly, putative class members had until October 15, 2019, to file their lead plaintiff motions. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ("not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.").

Ahmad Rategh has timely filed this motion in response to the Early Notice. Additionally, he has filed a sworn certification, pursuant to 15 U.S.C. § 78u-4(a)(2)(A) attesting to his review of the complaint in this Action and his willingness to serve as the representative of the Class, including providing testimony at deposition and trial, if necessary. *See* Passmore Decl., Ex. B. Accordingly, Mr. Rategh satisfies the first requirement to serve as Lead Plaintiff for the Class.

#### 2.      Ahmad Rategh Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the plaintiff or movant with "the largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Ahmad Rategh suffered losses of $22,357.07 in connection with his purchases of Granite Construction securities during the Class Period. *See* Passmore Decl., Ex. C. Mr. Rategh is not aware of any other movant that has suffered greater losses in Granite Construction securities during the Class Period. Accordingly, Mr. Rategh has the largest financial interest in this litigation.

### 3. Ahmad Rategh Satisfies the Requirements of Fed. R. Civ. P. 23

Once a movant has demonstrated that it has the largest financial interest, it need only make a *prima facie* showing of its typicality and adequacy. *See In re Cavanaugh*, 306 F.3d 726, 730-31 (9th Cir. 2002). Mr. Rategh satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, which are the only Rule 23 provisions relevant to a determination of Lead Plaintiff under the PSLRA. *Id*.

#### a. Ahmad Rategh's Claims Are Typical of Those of the Class

"The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir.1992) (citation omitted).

Mr. Rategh's claims are typical of the Class in that he: (i) suffered the same injuries as a result of the same, or substantially the same, course of conduct by the named Defendants; and (ii) bases his claims on the same, or substantially the same, legal theories as the Class. *Id.*

Here, the questions of law and fact common to the members of the Class and which may affect individual Class members include whether:

- Defendants violated the federal securities laws; and
- the members of the Class sustained damages and, if so, what is the proper measure of damages.

These questions apply equally to Mr. Rategh as to all members of the Class. Since Mr. Rategh's claims have the same essential characteristics as those of the other Class members, the typicality requirement is satisfied.

#### b. Ahmad Rategh Will Fairly and Adequately Protect the Interests of the Class

In determining whether the adequacy requirement is met, courts in this Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members," and "will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class." *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted).

1 Ahmad Rategh is an adequate Lead Plaintiff. Mr. Rategh and members of the Class have the same interest: to maximize the recovery from Defendants as a result of the alleged fraud. Because of Mr. Rategh's substantial financial stake in the litigation, Class members can be assured that he has the incentive to vigorously prosecute the claims.

Additionally, Mr. Rategh has demonstrated his adequacy through his selection of Bernstein Liebhard as Lead Counsel and Bragar Eagel & Squire as Liaison Counsel for the proposed Class. As discussed more fully below, these firms are highly qualified and experienced in the area of securities class action litigation and have repeatedly demonstrated their ability to prosecute complex securities class action lawsuits.

## II.    THE COURT SHOULD APPROVE AHMAD RATEGH'S CHOICE OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v).

Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class. *See* Passmore Decl., Ex. D (Firm Résumé of Bernstein Liebhard). Accordingly, the Court may be assured that by approving Bernstein Liebhard as Lead Counsel, the Class is receiving high-caliber legal representation.

Bernstein Liebhard has frequently been appointed as Lead Counsel or Co-Lead Counsel since the passage of the PSLRA, and has frequently appeared in major actions in numerous courts throughout the country. *The National Law Journal* has recognized Bernstein Liebhard for thirteen years as one of the top plaintiffs' firms in the country. In 2016, Bernstein Liebhard was listed for the eleventh consecutive year in *The Legal 500*, a guide to the best commercial law firms in the United States, as well as in *Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys* for four consecutive years. Bernstein Liebhard was also selected to the *National Law Journal's* annual "America's Elite Trial Lawyers" list for three consecutive years.

Some of Bernstein Liebhard's outstanding successes include:

- *In re Beacon Associates Litigation*, No. 09 CIV 0777 (LBS) (AJP) (S.D.N.Y. 2013) ($219 million settlement);

NOT. OF MTN. AND MTN. OF AHMAD RATEGH FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF--3:19-cv-04744-WHA

7

- *In re Fannie Mae Securities Litigation*, No. 04-1639 (FJL) (D.D.C. 2013) ($153 million settlement);

- *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-CV-11117 (TPG) (S.D.N.Y. 2011) (settlement in excess of $100 million);

- *In re Marsh & McLennan Companies Securities Litigation*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) ($400 million settlement);

- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (U.S.-based settlement amounting to $166.6 million); and

- *In re Freeport-McMoRan Copper & Gold, Inc. Derivative Litigation*, C.A. No. 8145-VCN (Del. Ch. 2015) ($153.5 million settlement in a shareholder derivative action).

Further, Bernstein Liebhard partner Stanley Bernstein served as Chairman of the Executive Committee in *In re Initial Public Offering Securities Litigation*, No. 21 MC 92 (SAS) (S.D.N.Y. 2009), one of the largest consolidated securities class actions ever prosecuted, resulting in a $586 million settlement.

Additionally, proposed Liaison Counsel, Bragar Eagel & Squire, maintains offices in this District, and has extensive securities class action experience. *See* Passmore Decl., Ex. E (Firm Résumé of Bragar Eagel & Squire). Accordingly, Bragar Eagel & Squire "has the requisite experience to serve in the role of Liaison Counsel." *Soto v. Hensler*, 235 F. Supp. 3d 607, 624 (D. Del. 2017) (citing *KBC Asset Mgmt. NV ex rel. Chemed Corp. v. McNamara*, 78 F. Supp. 3d 599, 607 n.8 (D. Del. 2015) (discussing role and duties of Liaison Counsel).

## CONCLUSION

For the foregoing reasons, Ahmad Rategh respectfully requests that this Court: (1) appoint him as Lead Plaintiff for this Action, and all subsequently-filed, related actions; and (2) approve his selection of Bernstein Liebhard as Lead Counsel and Bragar Eagel & Squire as Liaison Counsel for the proposed Class.

Dated: October 15, 2019                                  Respectfully submitted,

/s/ *Marion C. Passmore*
Marion C. Passmore (#228474)

**BRAGAR EAGEL & SQUIRE, P.C.**
101 California Street, Suite 2710
San Francisco, California 94111
Tel.: (415) 365-7149
Fax: (212) 214-0506
Email: passmore@bespc.com

*Proposed Liaison Counsel for the Proposed Class*

**BERNSTEIN LIEBHARD LLP**
Stanley D. Bernstein (*pro hac vice* to be filed)
Laurence J. Hasson (*pro hac vice* to be filed)
Matthew E. Guarnero (*pro hac vice* to be filed)
10 East 40th Street
New York, NY 10016
Tel: (212) 779-1414
Fax: (212) 779-3218
Email:  bernstein@bernlieb.com
            lhasson@bernlieb.com
            mguarnero@bernlieb.com

*Counsel for Ahmad Rategh and Proposed Lead Counsel for the Proposed Class*