**BLEICHMAR FONTI & AULD LLP**
Peter E. Borkon (Bar No. 212596)
pborkon@bfalaw.com
555 12th Street, Suite 1600
Oakland, California 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020

**BLEICHMAR FONTI & AULD LLP**
Javier Bleichmar (*pro hac vice*)
jbleichmar@bfalaw.com
Joseph A. Fonti (*pro hac vice*)
jfonti@bfalaw.com
7 Times Square, 27th Floor
New York, New York 10036
Tel: (212) 789-1340
Fax: (212) 205-3960

*Counsel for Class Representative*
*the Police Retirement System of St. Louis*
*and Class Counsel*

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE POLICE RETIREMENT SYSTEM OF ST. LOUIS, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GRANITE CONSTRUCTION INCORPORATED, JAMES H. ROBERTS, JIGISHA DESAI, and LAUREL J. KRZEMINSKI,<br><br>Defendants. | Case No. 3:19-cv-04744-WHA<br><br><u>CLASS ACTION</u><br><br>**CLASS REPRESENTATIVE'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: June 10, 2021<br>Time: 8:00 a.m.<br>Dept.: Courtroom 12, 19th Floor<br>Judge: Honorable William Alsup |

# **TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ...................................................................1

STATEMENT OF THE ISSUES TO BE DECIDED.....................................................1

MEMORANDUM OF POINTS AND AUTHORITIES .............................................2

I.   PRELIMINARY STATEMENT ...........................................................2

II.  RELEVANT BACKGROUND ............................................................4

    A.   History of the Litigation ...........................................................4

    B.   The Parties' Mediation Efforts .................................................7

    C.   The Proposed Settlement ..........................................................8

    D.   The Proposed Settlement Schedule.........................................10

III. THE PROPOSED SETTLEMENT MERITS PRELIMINARY APPROVAL ...........11

    A.   Applicable Legal Standards ....................................................11

    B.   The Settlement is the Product of Serious, Arms-Length Negotiations Supervised by Magistrate Judge Spero.........................................................12

    C.   The Settlement was Informed and Reached Only After Extensive Investigation and Discovery ......................................................12

    D.   The Settlement is Substantively Fair ......................................13

    E.   The Proposed Plan of Allocation is Fair, Reasonable, and Adequate .....................15

    F.   The Proposed Notice Plan Satisfies Rule 23(e), Due Process, and the PSLRA........17

    G.   Attorneys' Fees, Litigation Expenses, and Administration Expenses .....................19

IV.  CONCLUSION....................................................................19

CLASS REPRESENTATIVE'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT – CASE NO. 3:19-CV-04744-WHA

i

## TABLE OF AUTHORITIES

**CASES**

*Ching v. Siemens Indus., Inc.*,
  No. C 11-4838 MEJ, 2013 WL 6200190 (N.D. Cal. Nov. 27, 2013)................................. 17, 18

*Class Plaintiffs v. Seattle*, 955 F.2d 1268 (9th Cir. 1992) ............................................. 11

*Hart v. Colvin*,
  No. 15-CV-00623-JST, 2016 WL 6611002 (N.D. Cal. Nov. 9, 2016)...................................... 11

*Hesse v. Sprint Corp.*, 598 F.3d 581 (9th Cir. 2010) ..................................................... 3, 9

*In re Diamond Foods, Inc.*,
  No. C 11-05386 WHA, 2013 WL 5400539 (N.D. Cal. Sept. 26, 2013).................................. 14

*In re HP Sec. Litig.*,
  No. 3:12-cv-05980-CRB, 2015 WL 4477936 (N.D. Cal. July 20, 2015)........................... 18

*In re Lendingclub Sec. Litig.*,
  No. 16-cv-2627-WHA, 2018 WL 1367336 (N.D. Cal. March 16, 2018).................... 11, 12, 14

*In re Portal Software, Inc. Sec. Litig.*,
  No. C-03-5138 VRW, 2007 WL 1991529 (N.D. Cal. June 30, 2007) .................................... 12

*In re Zynga Inc. Sec. Litig.*,
  No. 12-CV-04007-JSC, 2015 WL 6471171 (N.D. Cal. Oct. 27, 2015)................................. 14

*Lane v. Facebook, Inc.*, 696 F.3d 811 (9th Cir. 2012) ................................................... 17

*Linney v. Cellular Alaska P'ship*,
  No. C-96-3008 DLJ, 1997 WL 450064 (N.D. Cal. July 18, 1997) ......................................... 12

*Omnicare, Inc. v. Laborers District Council Constr. Indus. Pension Fund*,
  575 U.S. 175 (2015)............................................................................................... 15

*Satchell v. Fed. Express Corp.*,
  No. 03-cv-2659, 2007 WL 1114010 (N.D. Cal. Apr. 13, 2007)........................................ 12

*Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003) ....................................................... 2, 11

*Thomas v. Magnachip Semiconductor Corp.*,
  No. 14-CV-01160-JST, 2016 WL 3879193 (N.D. Cal. July 18, 2016).................................. 14

*Vataj v. Johnson, et al.*,
  No. 19-CV-06996-HSG, 2021 WL 1550478 (N.D. Cal. Apr. 20, 2021)............................. 15

*Vinh Nguyen v. Radient Pharms. Corp.*,
  No. 11-cv-00406, 2014 WL 1802293 (C.D. Cal. May 6, 2014)........................................ 15, 17

**STATUTES**

15 U.S.C. 78j ................................................................................................................. 4

15 U.S.C. 78t ................................................................................................................. 4

**RULES**

Fed. R. Civ. P. 23 ................................................................................................... passim

Fed. R. Civ. P. 30 ........................................................................................................... 6

Fed. R. Civ. P. 33 ........................................................................................................... 6

Fed. R. Civ. P. 34 ........................................................................................................... 6

Fed. R. Civ. P. 45 ........................................................................................................... 6

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE THAT on June 10, 2021, at 8:00 a.m., or as soon thereafter as this matter may be heard, before The Honorable William Alsup, United States District Court for the Northern District of California, Courtroom 12, 19th Floor, 450 Golden Gate Avenue, San Francisco, the Class Representative, the Police Retirement System of St. Louis ("St. Louis" or "Class Representative"), on behalf of itself and the Class, by and through Class Counsel, shall and hereby does, respectfully move this Court for an entry of an Order, pursuant to Federal Rule of Civil Procedure 23, in the above-captioned action (the "Action"): (1) granting preliminary approval of a settlement in the amount of $129 million to resolve the Action (the "Settlement"); (2) approving the form and substance of the proposed Notice of Pendency and Proposed Settlement of Class Action ("Notice"), the Summary Notice ("Summary Notice"), and the Proof of Claim and Release form ("Proof of Claim"), the methods of disseminating notice to the Class, and the selection of Epiq Class Action and Claims Solutions, Inc. as Claims Administrator; (3) setting deadlines for Class Members to exercise their rights in connection with the proposed Settlement; and (iv) scheduling a hearing date for final approval of the Settlement and Plan of Allocation and application(s) for attorneys' fees and expenses ("Settlement Hearing").[1]

This Motion is based on the Memorandum of Points and Authorities below, the Stipulation and exhibits thereto, filed herewith as Exhibit 1,[2] the Declaration of Mark Lawson, the Declaration of Jessie Mahn, and the papers and pleadings filed in this action.

## STATEMENT OF THE ISSUES TO BE DECIDED

The issues to be decided on this Motion are:

1.   Whether the proposed $129 million Settlement on the terms and conditions set forth in the Stipulation warrants preliminary approval;

---

[1] Capitalized terms shall have the same meaning as set forth in the Class Action Stipulation of Settlement dated April 29, 2021 (the "Stipulation").  Unless otherwise noted, all emphasis is added and all internal citations and quotation marks are omitted.
[2] The attachments to the Stipulation include: the Proposed Order Preliminarily Approving Settlement and Providing for Notice (Exhibit A); the proposed Notice (Exhibit A-1); the proposed Proof of Claim (Exhibit A-2); the proposed Summary Notice (Exhibit A-3); and the proposed Judgment (Exhibit B).

CLASS REPRESENTATIVE'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT – CASE NO. 3:19-CV-04744-WHA

1

2.   Whether the Court should approve the form and substance of the proposed Notice, Proof of Claim, and Summary Notice attached as Exhibits A1 through A3 to the Stipulation, as well as the manner and timing of notifying the Class of the Settlement (the "Notice Plan") and the selection of Epiq Class Action and Claims Solutions, Inc. as Claims Administrator; and

3.   Whether the Court should schedule a Settlement Hearing to determine whether the Settlement and Plan of Allocation should be finally approved, and whether applications for attorneys' fees and expenses should be approved.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   PRELIMINARY STATEMENT

The Class Representative presents to the Court an extraordinary outcome on behalf of the Class: a recovery of $129 million in cash to resolve all claims against the Defendants in this securities class action.  This recovery is the result of hard-fought litigation, extensive discovery, and a good-faith, arms-length mediation process overseen at every turn by Chief Magistrate Judge Joseph C. Spero.  The terms of the Settlement are set forth in the attached Stipulation (attached hereto as Exhibit 1) and represent a significant benefit to the Class.  The Class Representative therefore respectfully requests that the Court grant preliminary approval of the Settlement.

At this preliminary approval stage, the Court must determine whether the settlement is "fundamentally fair, adequate, and reasonable" under Rule 23(e).  *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003).  There can be no doubt that it is.  The $129 million recovery represents a significant benefit for the Class.  To put it into context, $129 million represents 21-30% of estimated total damages, a percentage that exceeds by nearly 400% the average recovery of Section 10(b) cases between 2011 and 2020 and many recent class action settlements in this District.

What is more, the resolution was well-informed and reached only after the Class Representative engaged in over 18 months of litigation and nearly completed discovery – including conducting an extensive investigation, drafting a robust amended complaint that alleged new factual grounds of liability, defeating a motion to dismiss, obtaining class certification, reviewing and analyzing nearly 2 million pages of documents, taking three depositions, preparing to take a dozen more by the end of May 2021, resolving numerous discovery disputes and litigating one

CLASS REPRESENTATIVE'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT – CASE NO. 3:19-CV-04744-WHA

2

such dispute before the Court, and filing a focused motion for partial summary judgment.  It was based on this record that the Class Representative made a well-informed assessment of the strengths and weaknesses of the case.

The Class Representative applied that assessment in a serious, lengthy, and arms-length mediation over the course of three days under the auspices of Judge Spero, whose involvement was extensive and critical to the ultimate resolution.  Judge Spero and the parties participated in three mediation sessions in March and April 2021 totaling nearly 20 hours.  The sessions were attended by the Class Representative's Executive Director (who had authority to settle), the Defendants, and the Defendants' director and officer liability insurers.  Prior to the first session, the parties submitted briefs and exhibits.  During each session, and even in between sessions, Judge Spero remained actively involved in assessing the factual and legal issues involved in the case, and responding to the parties' respective arguments and positions.  Ultimately, with a well-developed factual record and the benefit of the parties' arguments, Judge Spero made a settlement recommendation, which was accepted by the parties.

As a condition of Judge Spero's settlement proposal, and in exchange for payment of the Settlement Amount, the Class Representative and the Class granted the Defendants and their related parties with releases that, in summary, cover all claims related to the purchase or sale of Granite common stock during the Class Period ***and*** that relate either to the facts alleged in the complaint or to alleged violations of the securities laws.

To be clear, and as explained more fully below, Judge Spero's proposal included a release by Class Members of claims under the Securities Act of 1933 that are currently pending in California state court.  The proposed Plan of Allocation provides the Securities Act of 1933 claims with a substantial premium compared to the Exchange Act of 1934 claims, as explained in more detail further below.  In addition to being brought by Class Members in this litigation, those claims are also predicated on underlying facts that are identical to those at issue here, and thus the release is appropriate under Ninth Circuit precedent. *See Hesse v. Sprint Corp.*, 598 F.3d 581, 590–91 (9th Cir. 2010) ("A settlement agreement may preclude a party from bringing a related claim in the future even though the claim was not presented and might not have been presentable in the class

CLASS REPRESENTATIVE'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT – CASE NO. 3:19-CV-04744-WHA

3

action, but only where the released claim is based on the identical factual predicate as that underlying the claims in the settled class action.").

In short, the Settlement is fair and reasonable and represents an outstanding result for the Class.  The Class Representative therefore respectfully requests that the Court grant preliminary approval so that claimants can begin to reap the benefits of this significant resolution.

## II.   RELEVANT BACKGROUND

### A.   History of the Litigation

The initial complaint in this Action was filed on August 13, 2019 and alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") against Defendants Granite Construction Incorporated, James Roberts (former Chief Executive Officer), and Jigisha Desai (former Chief Financial Officer).  (ECF No. 1.)  On November 26, 2019, the Court appointed St. Louis as lead plaintiff and directed St. Louis to issue a Request for Proposal seeking counsel to represent St. Louis and the Class.  (ECF No. 55.)  On January 16, 2020, the Court entered an order approving of St. Louis's proposed counsel, Bleichmar, Fonti & Auld LLP ("BFA"), as lead counsel.  (ECF No. 63.)  On January 21, 2021, St. Louis was appointed as the Class Representative and BFA was appointed as Class Counsel.  (ECF No. 127.)

Upon its appointment as Lead Plaintiff, St. Louis, through Class Counsel, immediately commenced an extensive investigation into Granite's alleged misconduct.  The investigation included, among other things, interviews with over a dozen confidential witnesses and a comprehensive analysis of publicly available information such as court filings, SEC filings, news articles, analyst reports, and historic stock price data.  In addition, St. Louis, through counsel, utilized freedom of information act laws to issue requests for information and documents to the various state authorities with jurisdiction over the construction projects at issue in the case.

St. Louis's pre-discovery investigation culminated in the Amended Class Action Complaint for Violations of the Federal Securities Laws ("Amended Complaint"), filed on February 20, 2020. (ECF No. 69.)  The Amended Complaint alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 thereunder, against Defendants Granite, Roberts and Desai, and also former Chief Financial Officer Laurel Krzeminski

("Krzeminski") who was added as a defendant.  The Amended Complaint also enlarged the purported class period from between October 26, 2018 and August 1, 2019 to between April 30, 2018 and October 24, 2019.

The Amended Complaint also added significant new details concerning the factual issues involved in the case, the reasons Defendants' alleged misstatements were false, Defendants' scienter, and for the first time alleged that the case was an accounting fraud.  In sum, the Amended Complaint was the first to allege that, while publicly reporting strong financial performance, Defendants improperly reported revenue from several of Granite's largest construction projects in violation of Generally Accepted Accounting Principles and that they received or were otherwise personally aware of information indicating that Granite's financial statements were false.  The Amended Complaint further alleges that these alleged misstatements caused the price of Granite common stock to be inflated during the Class Period and to decline when the alleged truth emerged through corrective disclosures on July 29, 2019, August 2, 2019 and October 25, 2019, resulting in financial losses to those who purchased the stock at the inflated price.  A little more than a week after St. Louis filed the Amended Complaint, Granite announced that the Audit Committee of its Board of Directors had commenced an investigation into the same accounting issues first alleged in the Amended Complaint.

Following briefing on Defendants' motion to dismiss the Amended Complaint, the Court, on May 20, 2020, upheld the vast majority of the Class Representative's claims.  (ECF No. 98.) Specifically, the Court upheld the Class Representative's Section 10(b) and Rule 10b-5 claims and the Section 20(a) claims against Defendants Roberts; against Defendant Krzeminski for statements made before July 8, 2019; and against Defendant Desai for statements made after July 8, 2019. The Court denied only the Section 20(a) claims against Defendant Krzeminski for statements that were made after July 8, 2019 (after she departed Granite) and against Defendant Desai for statements that were made before July 8, 2019 (before she became CFO). (*Id.*)  Defendants filed their answer on June 3, 2020, which denied all claims alleged in the Amended Complaint and asserted specific defenses thereto. (ECF No. 101.)

CLASS REPRESENTATIVE'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT – CASE NO. 3:19-CV-04744-WHA

5

1    Upon denial of Defendants' motion to dismiss the Amended Complaint, the discovery stay

2  under the Private Securities Litigation Reform Act of 1995 ("PSLRA") was lifted.  St. Louis,

3  through Class Counsel, engaged in extensive discovery against Defendants.   Class Counsel

4  propounded a total of 92 individual document requests on Defendants pursuant to Fed. R. Civ. P.

5  34, and 10 interrogatories pursuant to Fed. R. Civ. P. 33.  The parties engaged in dozens of meet-

6  and-confers concerning the scope and manner of productions, resolved numerous discovery issues,

7  and litigated one discovery dispute concerning documents related to an investigation by Granite's

8  Audit Committee that related to the litigation.  In addition, St. Louis served third party document

9  subpoenas pursuant to Fed. R. Civ. P. 45 on Granite's external auditor, PricewaterhouseCoopers

10  LLP, and certain of Granite's construction joint ventures.  In total, Class Counsel received and

11  analyzed nearly 2 million pages of documents from Granite and the third parties.  Class Counsel

12  also deposed three current or former Granite employees, including one Rule 30(b)(6) deposition.

13  At the time of the Settlement, Class Counsel had scheduled, assigned teams to prepare, and was

14  preparing to take 12 additional fact witness depositions within six weeks, including a further

15  30(b)(6) deposition.

16    On January 21, 2021, the Court certified the Class as alleged in the Amended Complaint,

17  which included all persons or entities who purchased or acquired Granite common stock from

18  April 30, 2018 through October 24, 2019, inclusive.  (ECF No. 127.)  Shortly thereafter, on

19  February 22, 2021, Granite filed a Form 10-K with the Securities and Exchange Commission that

20  restated its financial statements and related disclosures for the years ended December 31, 2018 and

21  2017 as well as for the first three quarters of the year ended December 31, 2019 and for each of

22  the quarters in the year ended December 31, 2018.  In addition, Granite restated selected financial

23  data for the years ended 2016 and 2015.  (*See* ECF No. 139-1 (Granite's Restatement).)

24    On March 18, 2021, St. Louis entered into a stipulation with the Defendants to expand the

25  Class Period to extend back to February 17, 2017.  (ECF No. 146).  On March 27, 2021, after a

26  hearing and further submissions in response to questions from the Court, the Court approved the

27  expanded Class Period, which, as currently certified, is defined as follows:

28        All persons and entities who purchased or otherwise acquired
          Granite Construction Incorporated ("Granite") common stock

during the period of February 17, 2017 through October 24, 2019, inclusive (the "Class Period") and were damaged thereby.

(ECF No. 159.)

Class Representative also filed a motion for partial summary judgment on March 10, 2021. (ECF Nos. 138 & 139.)  The motion sought judgment against Defendant Granite as to the Section 10(b) elements of materiality, falsity and scienter with respect to certain alleged misstatements in the Company's restated financial statements.

At the time of the Settlement, the parties were less than two months away from the close of fact discovery and the deadline for expert reports, both of which were scheduled for May 28, 2021.  (ECF No. 93, at ¶¶ 4, 5.)  In light of these deadlines, the Class Representative had a well-developed factual record and had begun to prepare expert reports on all key issues.

**B.**     **The Parties' Mediation Efforts**

On March 11, 2021, following certification of the Class, the parties engaged in a settlement conference with Judge Spero via Zoom videoconference.  (ECF No. 140.)  Prior to the conference, the parties exchanged briefs and exhibits with one another and Judge Spero, and also submitted additional confidential briefing to Judge Spero.  The parties had informal preliminary discussions with Judge Spero and exchanged an initial demand and offer per Judge Spero's Superseding Notice of Settlement Conference and Order Setting Settlement Conference.  (ECF No. 133.)  At the conference, the parties engaged in good faith, arms-length negotiations supervised by Judge Spero, but did not agree on a resolution.  Mark Lawson, St. Louis's Executive Director, attended the entirety of the conference. (Lawson Decl. ¶ 2.)  It was after this conference that the parties sought permission to expand the Class Period.

On March 24, 2021, the parties participated in a second settlement conference overseen by Judge Spero via Zoom videoconference.  (ECF No. 152.)  Prior to this conference, the parties again had separate conversations with Judge Spero, who remained apprised of the developments in the case and the strengths and weaknesses of the parties' respective positions.  Once more, the parties engaged in good-faith, arms-length negotiations, but did not agree on a resolution.  Mr. Lawson was in attendance for the entirety of the second conference as well. (Lawson Decl. ¶ 2.)

On April 8, 2021, the parties engaged in a third and final settlement conference with Judge Spero via Zoom videoconference.  (ECF No. 168.)  This was an extended conference that lasted well into the night – and into the next morning for participants located on the East Coast.  After 11 hours of continuous, hard-fought negotiations, Judge Spero presented a mediator's proposal to resolve the matter.  Mr. Lawson again attended the entirety of the conference.  Mr. Lawson, in consultation with Class Counsel and with authority from the Class Representative, accepted the proposal, as did the Defendants.  (Lawson Decl. ¶¶ 2, 3.)

**C.**  **The Proposed Settlement**

The terms of the proposed Settlement are set forth in the parties' Stipulation.  In short, the Class Members will receive a settlement amount of $129 million in cash (the "Settlement Amount"), to be paid by Granite and the Defendants' director and officer liability insurers within 20 days after entry of an order granting preliminary approval of the Settlement.  (Stipulation ¶ 2.1.)

In exchange for payment of the Settlement Amount, the Class Representative and the Class will release Defendants and their Related Parties (as defined in the Stipulation at ¶ 1.24) from the following Released Claims:

> Any and all claims, rights, causes of action, liabilities, actions, suits, damages, or demands (including unknown claims) of any kind whatsoever, that the Class Representative or any Class Member has that relate in any way to the purchase, acquisition, holding, sale, or disposition of Granite common stock by Class Members during the period between February 17, 2017 and October 24, 2019, inclusive, and either: (a) arise out of or are based upon or related to the facts alleged or the claims or allegations set forth in the Action; or (b) relate in any way to any alleged violation of the Securities Act of 1933, the Securities Exchange Act of 1934, or any other state, federal or foreign jurisdiction's securities or other laws, any alleged misstatement, omission or disclosure (including in financial statements) or other alleged securities-related wrongdoing or misconduct by the Released Defendants.[3]  Without limiting the foregoing, "Released Claims" includes all claims against the Released Defendants alleged in *Nasseri v. Granite Construction, Inc., et al.*, Superior Court of the State of California, Santa Cruz County Case No. 19CV03208.  "Released Claims" does not include shareholder derivative claims against the Released Defendants alleged in *English v. Roberts, et al.*, No. 5:20-cv-03116-WHA (N.D.

---

[3] Nearly identical language was included in the releases approved by this Court in *Luna v. Marvell*, No. 15-cv-5447, ECF No. 217-1 (December 19, 2017) and *In re Lendingclub Sec. Litig.*, No. 16-cv-2627, ECF No. 343 (March 16, 2018).

CLASS REPRESENTATIVE'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT – CASE NO. 3:19-CV-04744-WHA

8

1    Cal.).  Notwithstanding the foregoing, "Released Claims" does not
     include claims relating to the enforcement of the Settlement

2

3   (Stipulation ¶ 1.25.)

4        As explicitly noted in both the Stipulation and the Notice, this release includes all claims

5   under the Securities Act of 1933 that have been pled and are currently being litigated against the

6   Released Defendants in the case pending in the Superior Court of the State of California, Santa

7   Cruz County, *Nasseri v. Granite Construction, Inc., et al.,* Case No. 19CV03208.  The claims in

8   *Nasseri* are based on the same identical facts as those alleged here (*i.e.*, Granite's misstatements

9   in its financial statements due to the improper accounting of costs and revenues related to the large

10  projects/heavy civil operating groups).  *See Hesse*, 598 F.3d at 590–91 ("A settlement agreement

11  may preclude a party from bringing a related claim in the future even though the claim was not

12  presented and might not have been presentable in the class action, but only where the released

13  claim is based on the identical factual predicate as that underlying the claims in the settled class

14  action.").  The operative complaint in *Nasseri* attached and requested that the Superior Court take

15  judicial notice of Class Representative's Amended Complaint.  Indeed, the first complaint filed in

16  *Nasseri* was dismissed and only after *Nasseri* attached the Class Representative's Amended

17  Complaint did the Superior Court partially sustain demurrers to the *Nasseri* complaint.

18       The members of the purported class in *Nasseri* (no class certification motion is pending

19  and defendants have not been served with discovery) are members of the Class here because they

20  acquired Granite stock in the June 2018 merger between Granite and the Layne Christensen

21  Company (the "June 2018 Merger"), which occurred during the Class Period of February 17, 2017,

22  through October 24, 2019.  More specifically, as explained in the Notice, the *Nasseri* litigation

23  was brought on behalf of a purported class consisting of all persons and/or entities who acquired

24  Granite common stock in the June 2018 Merger, and who were damaged thereby.  Accordingly,

25  all of the persons and/or entities who acquired common stock as part of the June 2018 Merger are,

26  and have always been, members of the Class here, which includes all persons and entities who

27  purchased or otherwise acquired Granite stock during the period of February 17, 2017, through

28  October 24, 2019 and who were damaged thereby.  They thus have Exchange Act claims (for any
    purchases or acquisitions between February 17, 2017 and October 24, 2019) and claims under the

CLASS REPRESENTATIVE'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT – CASE NO.
3:19-CV-04744-WHA

9

Securities Act (for acquisitions specifically in the June 2018 Merger).  Accordingly, the *Nasseri* claims are not unpled claims, or unrelated to this Litigation, but are instead claims that the Class members need to resolve one way or another.[4]

The Settlement Fund (which includes the Settlement Amount plus any interest earned thereon) will be distributed fairly and equitably to Class Members who submit a valid Proof of Claim pursuant to the Plan of Allocation as set forth in the attached Notice.  The Plan of Allocation is discussed more fully below.  (*See infra* Sec. III.F.)  But in short, and as explained in the attached Notice, the Plan of Allocation will compensate claimants as follows: claimants who have claims under the Exchange Act of 1934 will receive a *pro rata* share of their damages; claimants who have claims under both the Exchange Act of 1934 and Securities Act of 1933 ***and*** who held their shares through at least one of the corrective disclosure dates will receive their *pro rata* share of damages plus a premium to acknowledge the stronger nature of the Securities Act claims; and claimants who did not hold their shares through at least one of the corrective disclosures (and who likely would not have any recoverable losses) will receive a discounted *pro rata* share of their Securities Act statutory damages in recognition that the claims belonging to these persons and/or entities face significant exposure to negative causation arguments.

## D.     The Proposed Settlement Schedule

The Class Representative respectfully proposes the following schedule for the remainder of Settlement-related events through the claims deadline:

| | |
|---|---|
| Deadline to mail Notices and Proofs of Claim (the "Notice Date") | ***10 business days after entry of the Preliminary Approval Order*** |
| Deadline to publish Summary Notice in *The Wall Street Journal* and *Investor's Business Daily* and to be transmitted over PR Newswire | ***10 calendar days after the Notice Date*** |
| Deadline to file PR motions in support for final approval of Settlement, Plan of Allocation, and any application(s) for attorneys' fees and expenses | ***35 calendar days prior to the Settlement Hearing*** |
| Deadline to submit request for | ***21 calendar days prior to the*** |

---

[4] Contemporaneously with this filing, Class Counsel will serve counsel for the plaintiffs in the *Nasseri* case with copies of this Motion and all supporting papers via email.

CLASS REPRESENTATIVE'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT – CASE NO. 3:19-CV-04744-WHA

10

| exclusion or objection to Settlement, Plan of Allocation, and/or attorneys' fees and expenses | *Settlement Hearing* |
|---|---|
| Deadline to file replies in support of Settlement, Plan of Allocation, and/or attorneys' fees and expenses; deadline to file proof of Notice | *14 calendar days prior to the Settlement Hearing* |
| Settlement Hearing | *At the Court's convenience, but no fewer than 110 calendar days after entry of the Preliminary Approval Order* |
| Deadline to submit Proof of Claim | *90 calendar days after the Notice Date (postmarked or electronically submitted)* |

The parties have agreed to the foregoing proposed schedule which is modelled after and consistent with the schedule approved by this Court in *In re Lendingclub Sec. Litig.*, No. 16-cv-2627-WHA, 2018 WL 1367336, at *2 (N.D. Cal. March 16, 2018) (Alsup, J.).[5]

## III.    THE PROPOSED SETTLEMENT MERITS PRELIMINARY APPROVAL

### A.    Applicable Legal Standards

"The Ninth Circuit maintains a 'strong judicial policy' that favors the settlement of class actions." *Hart v. Colvin*, No. 15-CV-00623-JST, 2016 WL 6611002, at *4 (N.D. Cal. Nov. 9, 2016) (quoting *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992)). In the context of a class settlement, the Court must determine whether the settlement is "fundamentally fair, adequate and reasonable" under Rule 23(e). *Staton*, 327 F.3d at 959. "The initial decision to approve or reject a settlement proposal is committed to the sound discretion of the trial judge." *Hart*, 2016 WL 6611002, at *4 (quoting *Seattle*, 955 F.2d at 1276). "Preliminary approval is appropriate if the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Lendingclub Sec. Litig.*, 2018 WL 1367336, at *2 (internal quotation omitted).  The proposed Settlement satisfies these standards.

---

[5] In light of the request to approve a Notice Plan for the settlement, the Class Representative has separately requested that the court vacate the already approved schedule for issuing notice to the Class concerning class certification.  (*See* ECF Nos. 174 (request to vacate) and 127 & 159 (approval of the class notice).)  Pursuant to that schedule, the notice has not yet been issued and is not scheduled to be issued until May 7, 2021.

CLASS REPRESENTATIVE'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT – CASE NO. 3:19-CV-04744-WHA

11

**B.**     **The Settlement is the Product of Serious, Arms-Length Negotiations Supervised by Magistrate Judge Spero.**

There is an initial presumption that a proposed settlement is fair and reasonable when it is the "product of arms-length negotiations."  *In re Portal Software, Inc. Sec. Litig.*, No. C-03-5138 VRW, 2007 WL 1991529, at *6 (N.D. Cal. June 30, 2007).  Courts have recognized that "[t]he assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive." *Satchell v. Fed. Express Corp.*, No. 03-cv-2659, 2007 WL 1114010, at *4 (N.D. Cal. Apr. 13, 2007).  That is certainly the case here.

The Settlement was reached after nearly 20 hours of arms-length negotiations mediated by Judge Spero.  Judge Spero played an active role through three separate mediation sessions, which included a final session on April 8, 2021 that lasted nearly 11 hours.  Judge Spero had the benefit of briefs and exhibits submitted by both sides.  In addition, Judge Spero was provided with further information and analysis concerning the factual and legal issues in the litigation and engaged in numerous discussions with both sides concerning the merits of the case, potential damages, and material terms of any resolution.  In fact, the Settlement was only reached as a result of Judge Spero's mediator's proposal and thus there can be no question that the settlement is the product of serious, informed, non-collusive negotiations.  *Lendingclub*, 2018 WL 1367336, at *4 ("Another factor weighing in favor of preliminary approval is that the proposed settlement agreement came about as a result of extensive mediation efforts supervised by Chief Magistrate Judge Joseph Spero[.]").

**C.**     **The Settlement was Informed and Reached Only After Extensive Investigation and Discovery**

Settlements are presumptively fair if reached after relevant discovery has taken place. *See Linney v. Cellular Alaska P'ship*, No. C-96-3008 DLJ, 1997 WL 450064, at *5 (N.D. Cal. July 18, 1997) ("The involvement of experienced class action counsel and the fact that the settlement agreement was reached in arms-length negotiations, after relevant discovery had taken place create a presumption that the agreement is fair."), *aff'd*, 151 F.3d 1234 (9th Cir. 1998).  And in this case, Class Counsel heeded the Court's specific instruction that "[c]lass counsel owe a fiduciary duty to the class to develop the facts well enough to negotiate a good settlement," and that adequate due diligence "requires the representative and his or her counsel to investigate the actual strengths and

CLASS REPRESENTATIVE'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT – CASE NO. 3:19-CV-04744-WHA

12

1   weaknesses of the case, including determining the best-case dollar amount of claim relief."  (ECF

2   No. 50, at 2, 6.)  That is exactly what has happened here.

3          As noted, upon its selection as Lead Plaintiff, St. Louis undertook an extensive

4   investigation prior to filing an Amended Complaint.  After successfully defeating the Defendants'

5   motion to dismiss, St. Louis immediately engaged in nearly a year of extensive discovery that

6   included 2 million pages of documents and three depositions (with preparations underway for a

7   dozen more).  St. Louis also had the benefit of Granite's February 22, 2021 restatement, which

8   provided further factual support for the Class's allegations, as well as the Granite Audit

9   Committee's more than 230-page presentation to the SEC summarizing its investigation

10  concerning the restatement.  Based on all the facts and circumstances that St. Louis developed, it

11  made a motion for partial summary judgment.  St. Louis also engaged an accounting expert to

12  support the accounting violation allegations and a damages expert to assess loss causation and

13  amount of recoverable damages.

14         It was only after these efforts, when the Class Representative could make a measured and

15  well-informed assessment of the strength and weaknesses of the case, that it engaged in settlement

16  negotiations.  Indeed, the Settlement was not reached until less than two months before the close

17  of fact discovery and the deadline for opening expert reports, further underscoring the advance

18  state of the litigation at the time the Settlement was reached.  There can be little doubt that the

19  Class Representative made a well-informed decision.

20  **D.     The Settlement is Substantively Fair**

21         The Settlement Amount of $129 million represents a significant benefit to the Class.  The

22  Settlement Amount represents approximately 21-30% of the estimated range of recoverable

23  damages of $424 million to $620 million.  Either way, the percentage of recovery far exceeds – by

24  nearly 400% – the average 5.4% recovery in cases alleging claims under the Exchange Act of 1934

25  and the Securities Act of 1933 between 2011 and 2021.  *See* Cornerstone Research, *Securities*

26  *Class Action Settlements, 2020 Review and Analysis*, at 7 ("Cornerstone Report") (available at

27

28

Class Representative's Notice of Motion and Motion for Preliminary Approval of Proposed Class Action Settlement – Case No. 3:19-cv-04744-WHA

13

https://www.cornerstone.com/Publications/Reports/Securities-Class-Action-Settlements-2020-Review-and-Analysis.pdf).[6]

The settlement also exceeds or compares very favorably to recent securities class action settlements in this District and before this Court.  *See, e.g., Lendingclub*, 2018 WL 1367336, at *2 (preliminarily approving settlement of approximately 17%) (Alsup J.); *Thomas v. Magnachip Semiconductor Corp.*, No. 14-CV-01160-JST, 2016 WL 3879193, at *2 (N.D. Cal. July 18, 2016) (approving settlement representing 15% of plaintiff's likely recovery at trial) (Tigar, J.); *In re Zynga Inc. Sec. Litig.*, No. 12-CV-04007-JSC, 2015 WL 6471171, at *11 (N.D. Cal. Oct. 27, 2015) (approving settlement representing approximately 14% of estimated damages) (Corley, J.); *In re Diamond Foods, Inc.*, No. C 11-05386 WHA, 2013 WL 5400539, at *1 (N.D. Cal. Sept. 26, 2013) (approving settlement consisting of $11 million in cash and stock valued at $85.1 million at the time of settlement where total estimated damages were $430 million – or approximately 22%). Indeed, the Settlement is one of only three securities class action settlements in this District in the last ten years to exceed $125 million.[7]

The Settlement Amount also provides a substantial benefit in light of the risks of continued litigation, which the Class Representative weighed when considering Judge Spero's settlement proposal.  These risks include but are not limited to the risk that Granite and/or its insurers would be unable to satisfy a higher amount at the time of a final judgment after trial; the risk that Granite's insurance coverage would be denied; the risk of significant additional litigation costs and expenses through the end of fact discovery, expert discovery, and trial – and the added uncertainty and costs associated with any prolonged appeal process; and the risk, no matter how strong the Class Representative believes the Class's claims to be on the merits, of an adverse jury verdict.  This latter concern is particularly acute with respect to the element of scienter, which, given that the restatement here revolves around false and misleading forecasts, may be vulnerable to arguments that the Class's proof of intent falls short of the standard imposed by *Omnicare, Inc. v. Laborers*

---

[6] For cases alleging claims under Section 10(b) of the Exchange Act only, the average recovery is even lower, 4.6%.  Cornerstone Report, at 7.

[7] The other two being *Hefler v. Wells Fargo & Co.*, No. 3:16-cv-05479 (Tigar, J.), which settled in 2018 for $480 million, and *In re Charles Schwab Corp. Sec. Litig.*, No. 3:08-cv-01510 (Alsup, J.), which settled in 2011 for $235 million.

CLASS REPRESENTATIVE'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT – CASE NO. 3:19-CV-04744-WHA

14

1    *District Council Constr. Indus. Pension Fund*, 575 U.S. 175, 194 (2015).  Taken together, the

2    Class Representative, in consultation with Class Counsel, weighed the benefits of the recovery of

3    the Settlement Amount against the risks of continued litigation, and rightly concluded that the

4    Settlement was fair and reasonable to the Class.

5    **E.      The Proposed Plan of Allocation is Fair, Reasonable, and Adequate**

6           While the Plan of Allocation is considered separately from the fairness of the Settlement,

7    it is nevertheless governed by the same legal standards: the plan must be fair, reasonable, and

8    adequate. *See Vataj v. Johnson, et al.*, No. 19-CV-06996-HSG, 2021 WL 1550478, at *10 (N.D.

9    Cal. Apr. 20, 2021). "A settlement in a securities class action case can be reasonable if it fairly

10   treats class members by awarding a pro rata share to every Authorized Claimant, but also sensibly

11   makes interclass distinctions based upon, inter alia, the relative strengths and weaknesses of class

12   members' individual claims and the timing of purchases of the securities at issue." *Vinh Nguyen*

13   *v. Radient Pharms. Corp.*, No. 11-cv-00406, 2014 WL 1802293, at *5 (C.D. Cal. May 6, 2014)

14   (quotation omitted). "[C]ourts recognize that an allocation formula need only have a reasonable,

15   rational basis, particularly if recommended by experienced and competent counsel." *Id*. at *5.  The

16   Proposed Plan of Allocation satisfies this standard.

17          As explained more fully in the Notice, the Plan of Allocation contemplates distributing *pro*

18   *rata* shares of the Net Settlement Fund (which constitutes the Settlement Fund less fees and

19   expenses) to eligible claimants who submit a valid Proof of Claim based on when they acquired

20   Granite stock and whether and when they sold the stock.  To be eligible, claimants must submit a

21   Proof of Claim that is postmarked or electronically submitted by no later than 90 calendar days

22   after the date on which the Notices are distributed.

23          The Plan of Allocation also fairly and transparently allocates the Net Settlement Fund to

24   Class Members based on whether they have Securities Exchange Act of 1934 claims or Securities

25   Act of 1933 claims, and based on the relative strength of such claims.  The Plan of Allocation does

26   *not* grant preferential treatment to class representatives.

27          Class Members who did not purchase in the June 2018 Merger, and thus have only

28   Exchange Act claims, will receive a *pro rata* share of the eligible out of pocket damages.

CLASS REPRESENTATIVE'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT – CASE NO.
3:19-CV-04744-WHA

15

For those Class Members who acquired common stock in the June 2018 Merger and who held such stock through at least one of the corrective disclosures, the Plan of Allocation provides a substantial premium in recognition that such Class Members may have claims under both the Securities Exchange Act of 1934 and the Securities Act of 1933. Specifically, the recognized loss on such shares will reflect a substantial premium of approximately 60% over the recognized loss as calculated under the Exchange Act. This recognizes that the Securities Act of 1933 claims require less proof than the Securities Exchange Act of 1934 claims and damages are set by statutory formula, subject to the negative causation defense. The premium reflects the 60% difference between the average rate of recovery for Exchange Act claims (4.6%) and Securities Act claims (7.4%) in all securities class actions from 2011 to 2020. (Cornerstone Report, at 7.)

There may also be some potential Class Members who acquired Granite stock in the June 2018 merger but who sold their stock *before* the first alleged corrective disclosure on June 29, 2019. These potential Class Members face well-settled legal challenges that they cannot prove they have Exchange Act claims and the Plan of Allocation does not allocate any damages to them for such Exchange Act claims. In addition, their potential Securities Act of 1933 claims face significant risks, in particular the statutory negative causation defense that any loss such claimants may have suffered was not attributable to Defendants' alleged misstatements but to other sources. Defendants' argument would be that because these potential Class Members did not hold the stock at the time of the corrective disclosures (*i.e.*, when the alleged misstatement came to light) their losses, if any, were caused by factors other than Defendants' alleged misstatements. For these claimants, in light of the significant risks their Securities Act of 1933 claims face, the Plan of Allocation provides a 90% discounted recovery.

If, after the initial distribution of the Net Settlement Fund, there is any balance remaining in the Net Settlement Fund, Class Counsel will, if feasible, reallocate such balance among eligible claimants in an equitable and economic fashion. Thereafter, any balance below $5,000 will be donated to Community Housing Partnership, a nonprofit organization in San Francisco, California, that provides housing, job training and other services to the homeless community, or to another 501(c)(3) non-profit organization unaffiliated with Class Counsel and approved by the Court.

CLASS REPRESENTATIVE'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT – CASE NO. 3:19-CV-04744-WHA

16

The Class Representative believes that this Plan of Allocation, which reflects input from the Class Representative's damages expert, is fair and reasonable under the circumstances.  It provides compensation based on when and whether claimants purchased or sold Granite stock and reflects recognition of the strengths and weaknesses of the Class Members' individual claims. *Radient Pharms. Corp.*, 2014 WL 1802293, at *5.

**F.      The Proposed Notice Plan Satisfies Rule 23(e), Due Process, and the PSLRA**

The Class Representative also seeks approval of the form and substance of the proposed Notice, Proof of Claim, and Summary Notice attached as Exhibits A1 through A3 to the Stipulation, as well as the manner and timing of notifying the Class of the Settlement.  To satisfy due process, Rule 23, and the PSLRA, notice to class members must describe "the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard."  *Lane v. Facebook, Inc.*, 696 F.3d 811, 826 (9th Cir. 2012).  This means that "[t]he Court must ensure that the parties' notice plan provides for 'the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort' and that the notice itself explains in easily understood language the nature of the action, definition of the class, class claims, issues and defenses, ability to appear through individual counsel, procedure to request exclusion, and the binding nature of the class judgment."  *Ching v. Siemens Indus., Inc.*, No. C 11-4838 MEJ, 2013 WL 6200190, at *6 (N.D. Cal. Nov. 27, 2013) (*quoting* Fed. R. Civ. P. 23(c)(2)(B)).  The Notice Plan and Notice satisfy these requirements.

The proposed Notice Plan is similar in all material respects to the notice plan approved by the Court in the Order Regarding Dissemination of Class Notice ("Class Notice Plan") on February 5, 2021.  (ECF Nos. 135 & 159.)  Specifically, notice will be delivered to potential class members in two ways: (i) direct, first-class mailing of the long-form Notice to Class Members identified in the Transfer List already provided by Granite pursuant to the Class Notice Plan[8] and to those who can otherwise be reasonably identified and located; and (ii) publication of the Summary Notice in

---

[8] Paragraph 5 of the Class Notice Plan required that Granite produce to the Notice Administrator a list, in electronic form, of the names and addresses of all persons who purchased or otherwise acquired Granite common stock at any time during the Class Period.  (ECF No. 135, ¶ 5.)

CLASS REPRESENTATIVE'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT – CASE NO. 3:19-CV-04744-WHA

17

*The Wall Street Journal* and *Investor's Business Daily* and transmission over PR Newswire. (Mahn Decl. ¶¶ 5-13.)  To further identify potential beneficial purchasers who executed their transactions through a brokerage house or other nominee, the Claims Administrator will distribute the Notice to the 1,400 nominees listed in its proprietary nominee database as well as submit the Notice to the Depository Trust Company – which provides clearing and settlement services to financial institutions – for publication on its website, which is accessible to its members.  (Mahn Decl. ¶¶ 8, 9.)  In addition, a settlement website (www.GraniteSecuritiesLitigation.com) will be established and will have details concerning the Settlement and links to pertinent documents. (Mahn Decl. ¶ 15.) Information and documents about the Settlement will also be posted to Class Counsel's website (www.bfalaw.com).  This Notice Plan constitutes best practices under the circumstances.  *See, e.g., In re HP Sec. Litig.*, No. 3:12-cv-05980-CRB, 2015 WL 4477936, at *2 (N.D. Cal. July 20, 2015) (finding the procedures for notice, including mailing individual notice and publication notice satisfy Rule 23, the PSLRA, and constitute the best notice practicable).

The substance of the Notice also satisfies due process and Rule 23.  The Notice provides sufficient information in plain, easy to understand language about the nature of the claims and defenses, the status of the litigation, the terms of the Settlement, the estimated percentage and dollar amount of attorneys' fees and expenses, the Plan of Allocation, the right of class members to object, opt out, and/or appear through individual counsel, the scope and impact of the releases, and the binding nature of the judgment.  *See Siemens Indus., Inc.*, 2013 WL 6200190, at *6.

The proposed Claims Administrator for issuing Notice and processing claims is Epiq Class Action and Claims Solutions, Inc.  Epiq was previously approved by the Court to serve as the Notice Administrator in connection with the Class Notice Plan.  (ECF No. 135.)  Epiq has served as claims administrator in thousands of class action settlements, including complex securities settlements such as the $6.19 billion *WorldCom* securities settlement, which involved 14 separate settlements, four separate pools of settlement funds, over 40 eligible securities, and notice materials to roughly five million people on three separate occurrences.  (Mahn Decl. ¶ 3.)  Epiq was selected by Class Counsel to serve as both Notice and Claims Administrator following a competitive bidding process during which three firms submitted proposals.  Epiq was chosen based

CLASS REPRESENTATIVE'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT – CASE NO. 3:19-CV-04744-WHA

18

on an assessment of their offered rates (which were the lowest of the submitted bids) in combination with their experience and proven track record.  Epiq currently estimates that expenses related to the Claims Administration process will not exceed $550,000.  (Mahn Decl. ¶ 16.)

**G.**     **Attorneys' Fees, Litigation Expenses, and Administration Expenses**

As explained in the Notice, Class Counsel will, prior to the Settlement Hearing, request that the Court award attorneys' fees according to the terms of the retainer agreement between the Class Representative and Class Counsel, and Class Counsel's bid in response to the Class Representative's Request for Proposals, which was previously submitted to the Court under seal. (*See* ECF No. 60-2.)  These attorney's fees are estimated to be no more than 18% of the Settlement Amount, or $23,220,000.  Class Counsel further estimates that litigation expenses will not exceed $950,000 and, as noted above, expenses related to the notice and claims process will not exceed $550,000.   The Class Representative will not seek an incentive award or any other special compensation related to its role as Class Representative aside from its *pro rata* share of the Net Settlement Fund.  (Lawson Decl. ¶ 4.)

## IV.    CONCLUSION

For the foregoing reasons, the Class Representative respectfully requests that the Court,

(i)      Grant preliminary approval of the proposed $129 million Settlement on the terms and conditions set forth in the Stipulation;

(ii)     Enter the Preliminary Approval Order (attached to the Stipulation as Exhibit A);

(iii)    Approve the Proposed Settlement Schedule (*see supra* Sec. II.D);

(iv)    Approve the form and substance of the proposed Notice, Proof of Claim, and Summary Notice attached as Exhibits A1 through A3 to the Stipulation, as well as the manner and timing of notifying the Class of the Settlement (the "Notice Plan") and the selection of Epiq Class Action and Claims Solutions, Inc. as Claims Administrator; and

(v)     Schedule a Settlement Hearing to determine whether the Settlement and Plan of Allocation should be finally approved, and whether applications for attorneys' fees and expenses should be approved.

CLASS REPRESENTATIVE'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT – CASE NO. 3:19-CV-04744-WHA

19

1

2     Dated: April 30, 2021                      Respectfully submitted,

3                                          By: /s/ Peter E. Borkon

                                         **BLEICHMAR FONTI & AULD LLP**

4                                          Peter E. Borkon (Bar No. 212596)

                                         pborkon@bfalaw.com

5                                          555 12th Street, Suite 1600

                                         Oakland, California 94607

6                                          Tel.: (415) 445-4003

7                                          Fax: (415) 445-4020

8                                              – and –

9                                          Javier Bleichmar (pro hac vice)

                                         jbleichmar@bfalaw.com

10                                        Joseph A. Fonti (pro hac vice)

                                       jfonti@bfalaw.com

11                                        George N. Bauer (pro hac vice)

                                       gbauer@bfalaw.com

12                                        7 Times Square, 27th Floor

13                                        New York, New York 10036

                                       Tel: (212) 789-1340

14                                        Fax: (212) 205-3960

15

16                                        *Counsel for Class Representative*

                                       *the Police Retirement System of St. Louis*

17                                        *and Class Counsel*

18

19

20

21

22

23

24

25

26

27

28

Class Representative's Notice of Motion and Motion for Preliminary Approval of Proposed Class Action Settlement – Case No. 3:19-cv-04744-WHA

20