1
2
3
4
5
6
7
8
9          UNITED STATES DISTRICT COURT
10
11        NORTHERN DISTRICT OF CALIFORNIA
12
13   POLICE RETIREMENT SYSTEM OF ST.
     LOUIS, on behalf of itself and similarly-
14   situated plaintiffs,                               No.  C 19-04744 WHA
15             Plaintiff,
16       v.                                             **ORDER RE OBJECTIONS TO**
                                                        **BRUCE ERICSON AS SPECIAL**
17   GRANITE CONSTRUCTION                               **MASTER AND SETTING**
     INCORPORATED, et al.,                              **SCHEDULE**
18
               Defendants.
19
20
21        This order resolves objections to the appointment of a proposed Special Master, Bruce

22   Ericson.  He will be appointed to resolve a dispute over the proper plan of allocation in this

23   securities class action.

24        The relevant facts are:  Defendant Granite and lead plaintiff the Police Retirement

25   System of St. Louis reached a preliminary settlement agreement.  Arash Nasseri, a class

26   member and named plaintiff in a putative state class action alleging 1933 Securities Act

27   claims, sought to intervene for the purpose of seeking appointment as co-lead plaintiff, and for

28

United States District Court
Northern District of California

his counsel to be appointed co-class representative.  This Court granted Nasseri's motion to intervene (but did not decide appointment) (Dkt. No. 232).

Nasseri objected to the original proposed plan of allocation.  Parties mediated again, and this time agreed on a proposed a plan of allocation.  The plan used, however, a 2.2 multiplier to calculate the value of the claims under Section 11.  The industry standard is a 1.6 multiplier. We requested further briefing (see Dkt. Nos. 217, 222).  The Court then asked the parties to stipulate to three individuals who could serve as special masters to determine the correct multiplier and craft a plan of allocation.  The three names included Bruce Ericson, Pillsbury Winthrop Shaw Pittman LLP.  The Court reached out to Mr. Ericson and held a phone conference with all involved on August 4, 2021.  Nasseri, but not the other parties, objected to Mr. Ericson's appointment.

This order finds, in light of all new information, that appointment of Mr. Ericson would not present a conflict of interest in general or present one in violation of FRCP 53 (incorporating 28 U.S.C. § 455).

At the telephone conference, Mr. Ericson disclosed that his firm represents Lane Construction Company.  Lane is connected to Granite in (at least) the following way:  This securities action relates to Granite's spurious accounting in major Granite construction jobs, which included the Florida I-4 Ultimate highway project (the "Florida project").  In that project, Granite partnered with Lane, and another company, Skanska SE, to design and construct the highway.  Skanska managed the partnership.  With counsel from Mr. Ericson's firm, Lane is now suing Skanska.  Lane alleges that Skanska harmed both Lane and Granite by failing to "exercise[] SGL's option to exit the Project with the full support of" Granite and Lane, in light of the enormous cost overruns being incurred (Dkt. No. 426-1 ¶¶ 1–10).  Lane is accusing Skanska of mishandling cost overruns (the same as figure in our case) and thereby harming Lane (and Granite).  To some extent, Granite's and Lane's interests may be aligned in pursuing damages from Skanska.

Mr. Ericson will be called upon to evaluate (1) the additional elements of the Section 10(b) claims including scienter and loss causation, and (2) allegedly false statements or

1    omissions that Granite made *following* the registration statement (which apply only to the

2    Section 10(b) claims).  As to (1), Nasseri has failed to explain just how interest in Lane's

3    success could influence Mr. Ericson to favor Granite in his evaluation (if any) of Granite's

4    misdeeds relevant to any element.  Nor does Nasseri explain how Mr. Ericson would have

5    come to personally know about any disputed evidentiary fact in the action.  *See* 28 U.S.C. §

6    455(b)(1).

7           As to (2), it is true that Mr. Ericson will be required to determine whether post-

8    registration statement disclosures were egregious enough to strengthen the Section 10(b)

9    claims while leaving the Section 11 claims' strength unchanged.  While this could require

10   some evaluation of Granite's purported transgressions, the total settlement amount is resolved.

11   Granite has no dog in the allocation fight.  The Lane Florida lawsuit does not create prejudice

12   or an interest of Mr. Ericson's that could be "substantially affected by the outcome of the

13   action."  *Id*. at (b)(1) and (5)(iii).

14          Nasseri's objections are **OVERRULED**.  Furthermore, counsel for Nasseri should not have

15   revealed, in objecting to Mr. Ericson's appointment, that Granite proposed his name.  The

16   nominees were supposed to be agreed-upon subject to conflict checks that could not be decided

17   beforehand (*see* Dkt. No. 246).

18          Mr. Ericson should please file a proposed form of order, which addresses the

19   requirements of FRCP 53, no later than **MONDAY, AUGUST 23 AT NOON.**  Any proposed

20   revisions to the form of order shall be due no later than **WEDNESDAY, AUGUST 25 AT 5:00 P.M.**

21   Mr. Ericson should please hear out all parties and provide the Court with a written report by

22   **SEPTEMBER 13 AT 5:00 P.M.**  This report should not exceed 12 pages, unless, in Mr. Ericson's

23   judgment, more is clearly warranted.  It should assess whether the Section 10(b) claims are

24   stronger or weaker than the average Section 10(b) case.  Likewise, it should assess whether the

25   Section 11 claims are stronger or weaker than the average Section 11 case.  And, he should

26   assess whether the 1.6 multiplier in the run of cases is, under the circumstances of this case, too

27

28

much, too little, or on target.  All objections will be due **SEPTEMBER 20 AT NOON**.

      **IT IS SO ORDERED.**

Dated:  August 19, 2021.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE