# Exhibit A

**BLEICHMAR FONTI & AULD LLP**
Peter E. Borkon (Bar No. 212596)
pborkon@bfalaw.com
555 12th Street, Suite 1600
Oakland, California 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020

**BLEICHMAR FONTI & AULD LLP**
Javier Bleichmar (*pro hac vice*)
jbleichmar@bfalaw.com
7 Times Square, 27th Floor
New York, New York 10036
Tel: (212) 789-1340
Fax: (212) 205-3960

*Class Counsel and Counsel for Class Representative*
*the Police Retirement System of St. Louis*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE POLICE RETIREMENT SYSTEM OF ST. LOUIS, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> GRANITE CONSTRUCTION INCORPORATED, JAMES H. ROBERTS, JIGISHA DESAI, and LAUREL J. KRZEMINSKI <br><br> Defendants. | Case No. 3:19-cv-04744-WHA <br><br> <u>CLASS ACTION</u> <br><br> **NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION** <br><br> EXHIBIT A-1 <br><br> Dept.: Courtroom 12, 19th Floor <br> Judge: Honorable William H. Alsup |

**TO:   All persons and entities who purchased or otherwise acquired Granite Construction Incorporated common stock during the period of February 17, 2017, through October 24, 2019, inclusive (the "Class Period") and were damaged thereby (the "Class").**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY A PROPOSED CLASS ACTION SETTLEMENT IN A LAWSUIT PENDING IN FEDERAL COURT.

IF YOU ARE A CLASS MEMBER, YOU MUST SUBMIT A CLAIM FORM TO OBTAIN YOUR SHARE OF THE SETTLEMENT. IF YOU DO NOT SUBMIT A CLAIM, YOU WILL NOT HAVE ANY RIGHT TO COMPENSATION UNLESS YOU OPT OUT OF THE CLASS.

This Notice concerns a lawsuit that a federal court has certified as a class action on behalf of investors (individuals and entities) who purchased or otherwise acquired Granite Construction Incorporated common stock during the period of February 17, 2017, through October 24, 2019, inclusive.[1] The lawsuit is referred to as *The Police Retirement System of St. Louis v. Granite Construction Inc., et al.*, Case No. 3:19-cv-04744-WHA-WHA (the "Litigation") and is pending before the Honorable William Alsup in the United States District Court for the Northern District of California (the "Court"). This Notice also concerns the Class's claims brought in a lawsuit referenced as *Nasseri v. Granite Construction Inc. et al.*, Case No. 19CV03208 (Sup. Ct. Calif. filed October 23, 2019) ("*Nasseri*"). *See* page __ for further information regarding *Nasseri*.

This Notice is to inform you that the Class Representative, the Police Retirement System of St. Louis (the "Class Representative" or "St. Louis"), on behalf of themselves and the Class, have reached a proposed settlement agreement with Defendants James H. Roberts, Laurel Krzeminski, and Jigisha Desai (collectively, the "Individual Defendants"), and Granite Construction Incorporated ("Granite," or the "Company," and together with the Individual Defendants, "Defendants"). If the settlement is approved by the Court, all of the Released Claims (defined in Question 25 below) against Released Defendants (defined in Question 25 below) will be resolved on behalf of all Class Members.

**Overview of the Litigations and Settlement**: The Class Representative, on behalf of the Class, alleges that Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 thereunder. The Class Representative alleges that Defendants made false and misleading statements concerning the company's financial statements in violation of federal securities laws. Among other things, the Class Representative alleges that, while publicly reporting strong financial performance, Defendants improperly reported revenue from several of Granite's largest construction projects in violation of Generally Accepted Accounting Principles. According to the Class Representative, Defendants' alleged misstatements caused the price of Granite common stock to be inflated during the Class Period (from February 17, 2017 through October 24, 2019) and to decline when the alleged truth emerged though corrective disclosures on July 29, 2019, August 2, 2019 and October 25, 2019, resulting in financial losses to those who purchased the stock at the inflated price. The Class Representative also alleges that the individual Defendants Roberts, Desai and Krzeminski are controlling persons liable for

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement dated April 29, 2021 (the "Stipulation"), which is available on the website for the litigation, www.GraniteSecuritiesLitigation.com.

Granite's misstatements under Section 20(a) of the Exchange Act. You may review a copy of the operative Amended Complaint in the Action by visiting www.GraniteSecuritiesLitigation.com.

The *Nasseri* case alleging claims under the Securities Act of 1933 involves alleged misstatements in the registration statements and prospectus related to Granite's merger with Layne Christensen Company in June 2018 (which is within the Class Period), and involves the same underlying facts as those alleged here (*i.e.*, Granite made misstatements concerning the Company's financial statements).

In March and April 2021, the Class Representative and the Defendants engaged in three settlement conferences before Chief Magistrate Judge Joseph C. Spero. The first settlement conference was held on March 11, 2021 pursuant to order of the Court. ECF No. 140. Prior to that settlement conference, the parties submitted settlement conference statements with exhibits. A second settlement conference was held on March 24, 2021, and a third settlement conference was held on April 8, 2021. ECF Nos. 152, 168. Over the course of the three settlement conferences and numerous other communications, the parties engaged in arms-length negotiations under the supervision of Judge Spero. At the conclusion of the April 8 settlement conference, the parties accepted Judge Spero's mediator's recommendation to settle the case, reaching a settlement in principle on the terms set forth herein, subject to the approval of the Court.

On May 27, 2021, the Class Representative, Class Counsel, the plaintiff in *Nasseri*, and his counsel engaged in a mediation before Judge Spero concerning the proposed Plan of Allocation, which governs how the Settlement Fund will be distributed to investors. At the conclusion of the mediation, the parties agreed to the Plan of Allocation for the Settlement Fund, set forth herein. The plaintiff in *Nasseri* also moved to intervene for the purpose of (1) seeking appointment as an additional class representative for claimants who acquired Granite stock in the merger with Layne; and (2) seeking appointment of Robbins Geller Rudman & Dowd LLP as additional class counsel for claimants who acquired Granite stock in the merger with Layne. This motion was not opposed and ~~was granted by the Court~~ the plaintiff in *Nasseri* was allowed to intervene on ~~_____,~~ July 14, 2021. ECF No. 232.

**Overview of the Recovery**: Class Representative has agreed to settle all claims and grant the Released Defendants a full and complete release of all Released Claims in exchange for a cash payment of $129,000,000 (the "Settlement Amount"). The Settlement Amount plus any interest earned thereon is called the "Settlement Fund." The "Net Settlement Fund" (the Settlement Fund less any attorneys' fees (estimated not to exceed 18% or $23,220,000) and expenses (estimated not to exceed $950,000) provided for herein or approved by the Court and less Notice and Administration Expenses (estimated to be no more than $550,000), Taxes and Tax Expenses, and other Court-approved deductions) will be distributed pursuant to the plan of allocation that is approved by the Court (the "Plan of Allocation"), which determines how the Net Settlement Fund will be allocated among Class Members who become eligible to participate in the distribution of the Net Settlement Fund by submitting a timely and valid Proof of Claim and Release form ("Proof of Claim" or "Claim Form"). The proposed Plan of Allocation is described at page 20 below.

Based on the analysis performed by Class Representative and its damages experts, the estimated average recovery per share for a Class Member from the Settlement Fund (before the deduction of any Court-approved fees, expenses and costs as described herein) would be approximately $2.92 per share. This amount assumes all eligible Class Members submit valid and timely Proofs of Claim. If fewer than all Class Members submit timely and valid Proofs of Claim (which is likely), the distributions per share will

be higher. A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by a Class Member's number of eligible shares as compared to the total eligible shares of all Class Members who submit timely and valid Proofs of Claim. (See the Plan of Allocation beginning on page 20 below for details and more information.)

Class Counsel intends to seek attorneys' fees according to the terms of the retainer agreement between Class Representative and Class Counsel. These attorneys' fees are not to exceed 18% or $23,220,000 of the Settlement Amount. Such requested attorneys' fees and the expenses described above would amount to an average of approximately $0.56 per share of Granite common stock. Please note that these amounts are only estimates and are subject to approval by the Court.

The parties disagree on both liability and damages and do not agree on the average amount of damages per share of Granite common stock that would be recoverable if the Class Representative were to prevail in the Litigation, and Defendants deny liability, fault or wrongdoing. The Class Representative's expert performed a damages analysis and estimates the aggregate damages recoverable after trial to be within the range of approximately $424-620 million, although that amount could be substantially lower or zero if certain arguments by the Defendants were accepted by the Court or a jury. Class Representative believes that the proposed settlement represents a fair and reasonable recovery in light of the risks of continued litigation and is in the best interests of the Class Members.

**Identification of Attorneys**: The Class Representative and all other Class Members are represented by counsel identified in the answer to Question 16 below.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM POSTMARKED OR SUBMITTED ONLINE BY _____, 2021** | This is the only way to be eligible to get a payment from the settlement. If you wish to participate in the settlement, you will need to complete and submit the enclosed Proof of Claim. Class Members who do not complete and submit the Proof of Claim in accordance with the instructions on the Proof of Claim and do not submit it within the time required will be bound by the settlement but will not participate in any distribution of the Net Settlement Fund. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS POSTMARKED NO LATER THAN _____, 2021** | You will not be bound by the results of the Litigation, and you will not receive any payment. This is the **only** option that allows you to ever bring or be part of any other lawsuit against the Released Defendants about the legal claims related to the issues raised in the Litigation. |

EXHIBIT A-1: NOTICE OF PENDENCY AND PROPOSED Settlement of Class Action
Case No. 3:19-CV-04744-WHA

3

| | |
|---|---|
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS RECEIVED OR FILED NO LATER THAN _____, 2021** | If you believe the settlement is objectionable in any respect, you may write to the Court about why you oppose the settlement, the Plan of Allocation, and/or the request for attorneys' fees, costs and expenses. You will still be a Class Member. |
| **ATTEND THE SETTLEMENT HEARING ON _____, 2021, AT __ __, AND PROVIDE A NOTICE OF INTENTION TO APPEAR TO CLASS COUNSEL SO THAT IT IS RECEIVED NO LATER THAN _____, 2021** | The hearing on whether to approve the settlement is scheduled for _____, 2021, at __ _.m. (the "Settlement Hearing"), and is open to the public. You do not need to attend the hearing unless you wish to speak either in support of the settlement or in support of any objection you may have submitted, and have submitted to Class Counsel a Notice of Intention to Appear so that it is received no later than _____, 2021. The Court may postpone the Settlement Hearing without prior notice on the date scheduled for the hearing. |
| **DO NOTHING** | If you are a Class Member and do not submit a Proof of Claim postmarked or submitted online by _____, 2021, you will not be eligible to receive any payment from the Settlement Fund. You will, however, be bound by the settlement, unless you have requested exclusion from the Class. |

These rights and options are explained in further detail later in this Notice.

**Further Information**

For further information regarding this settlement, you may contact a representative of Class Counsel: Peter E. Borkon, Bleichmar Fonti & Auld LLP, 555 12th Street, Oakland, CA 94607, Telephone: 888-879-9418.  You may also visit the website for the case: www.GraniteSecuritiesLitigation.com (the "Settlement Website").

# TABLE OF CONTENTS

Page No.

BASIC INFORMATION.................................................................................................7~~8~~7

1.      Why did I get this Notice? ................................................................................7~~8~~7

2.      What is the Litigation about? ..........................................................................7~~8~~7

3.      Why is this a class action? ..........................................................................10~~11~~10

4.      Why is there a settlement? ...........................................................................11~~12~~11

WHO IS IN THE SETTLEMENT ..............................................................................11~~12~~11

5.      How do I know if I am part of the settlement?...........................................11~~12~~11

6.      Are there exceptions to being included? ...................................................11~~12~~11

7.      What if I am still not sure if I am included?.............................................11~~12~~11

THE SETTLEMENT BENEFITS – WHAT YOU GET .............................................12~~12~~11

8.      What does the settlement provide? ............................................................12~~13~~12

9.      How much will my payment be?.................................................................12~~13~~12

10.     How can I receive a payment? ...................................................................12~~13~~12

11.     When would I receive my payment? ..........................................................13~~14~~13

12.     What am I giving up to receive a payment or to stay in the Class? ...................13~~14~~13

EXCLUDING YOURSELF FROM THE CLASS......................................................13~~14~~13

13.     How do I get out of the proposed settlement? ..........................................13~~14~~13

14.     If I do not exclude myself, can I sue the Released Defendants for the same thing
        later?.........................................................................................................14~~15~~14

15.     If I exclude myself, can I get money from the proposed settlement?..................14~~15~~14

THE LAWYERS REPRESENTING YOU ...............................................................14~~15~~14

16.     Do I have a lawyer in this case? ................................................................14~~15~~14

17.     How will the lawyers be paid? ..................................................................15~~15~~14

18.     Can I hire my own lawyer? .......................................................................... 15~~1615~~

OBJECTING TO THE SETTLEMENT ............................................................. 16~~1716~~

19.     How do I tell the Court that I object to the proposed settlement? ...................... 16~~1716~~

20.     What is the difference between objecting and excluding myself? ...................... 17~~1817~~

THE COURT'S SETTLEMENT HEARING ..................................................... 17~~1817~~

21.     When and where will the Court decide whether to approve the proposed settlement? ............................................................................................... 17~~1817~~

22.     Do I have to attend the hearing? ................................................................ 18~~1817~~

23.     May I speak at the hearing? ...................................................................... 18~~1918~~

24.     What happens if I do nothing at all? ........................................................... 18~~1918~~

DISMISSALS AND RELEASES ....................................................................... 18~~1918~~

25.     What happens if the proposed settlement is approved? ................................. 18~~1918~~

GETTING MORE INFORMATION .................................................................. 19~~2019~~

26.     How do I get more information about the proposed settlement? ...................... 19~~2019~~

SPECIAL NOTICE TO NOMINEES .................................................................. 20~~2120~~

PLAN OF ALLOCATION OF NET SETTLEMENT FUND ......................................... 20~~2120~~

# BASIC INFORMATION

| **1.** | **Why did I get this Notice?** |
|---|---|

You have received this Notice because the parties are seeking approval of a proposed settlement on behalf of Class Members, and you have been identified as a potential Class Member either from the transfer agent's record of ownership of Granite common stock or by your broker or custodian if you purchased or acquired Granite stock in "street name."

The Court directed that this Notice be sent to Class Members because they have a right to know about the proposed settlement of the Litigation, and about all of their options, before the Court decides whether to approve the settlement.

This Notice explains the Litigation, the settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

| **2.** | **What is the Litigation about?** |
|---|---|

This Litigation is a securities class action first filed on August 13, 2019 on behalf of purchasers and acquirers of Granite common stock from February 17, 2017 through October 24, 2019.

On November 26, 2019, the Court appointed St. Louis as lead plaintiff.  ECF No. 55.  On January 16, 2020, the Court entered an order approving of St. Louis's proposed counsel, Bleichmar, Fonti & Auld LLP, and appointing that firm as lead counsel.  ECF No. 63.

The Class Representative filed the Amended Class Action Complaint for Violations of the Federal Securities Laws ("Amended Complaint") on February 20, 2020.  ECF No. 69.  The Amended Complaint alleges that Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 thereunder.  The Class Representative alleges that Defendants made materially false and misleading statements concerning the company's financial statements.  Among other things, the Class Representative alleges that, while publicly reporting strong financial performance, Defendants improperly reported revenue from several of Granite's largest construction projects in violation of Generally Accepted Accounting Principles.  According to the Class Representative, Defendants' alleged misstatements caused the price of Granite common stock to be inflated during the Class Period (from February 17, 2017 through October 24, 2019) and to decline when the alleged truth emerged though corrective disclosures on July 29, 2019, August 2, 2019 and October 25, 2019, resulting in financial losses to those who purchased the stock at the inflated price. The Class Representative also alleges that the individual Defendants Roberts, Desai and Krzeminski are controlling persons liable for Granite's misstatements under Section 20(a) of the Exchange Act.

Following briefing on Defendants' motion to dismiss, the Court, on May 20, 2020, denied in part and granted in part the motion to dismiss.  ECF No. 98.  Specifically, the Court upheld the Class Representative's Section 10(b) and Rule 10b-5 claims and the Section 20(a) claims against Defendants Roberts; against Defendant Krzeminski for statements made before July 8, 2019; and against Defendant Desai for statements made after July 8, 2019.  The Court denied only the Section 20(a) claims against Defendant Krzeminski for statements that were made after July 8, 2019 and against Defendant Desai for

statements that were made before July 8, 2019. *Id*. Defendants filed their answer on June 3, 2020, which denied all claims alleged in the Amended Complaint and asserted specific defenses thereto. ECF No. 101.

On November 25, 2020, Class Representative filed a motion to certify the original class alleged in the Amended Complaint. ECF No. 117. The Court held a hearing on this motion and entered an order certifying the proposed class and appointing St. Louis as Class Representative and Bleichmar, Fonti & Auld LLP as counsel to the Class Representative and Class on January 21, 2021. ECF No. 127.

On March 27, 2021, the Court entered an order approving a request to expand the original class period to cover the Class Period, thereby expanding the Class to all persons or entities who purchased or otherwise acquired Granite common stock from February 17, 2017 through October 24, 2019, inclusive. ECF No. 159. The Class, as approved by the Court, is defined as follows:

> All persons and entities who purchased or otherwise acquired Granite Construction Incorporated common stock during the period of February 17, 2017, through October 24, 2019, inclusive (the "Class Period") and were damaged thereby (the "Class").

Excluded from the Class by definition are:

> (i) defendants and any affiliates or subsidiaries thereof, (ii) present and former officers and directors of Granite and its subsidiaries or affiliates, and their immediate family members (as defined in Item 404 of SEC Regulation S-K, 17 C.F.R. § 229.404, Instructions (1)(a)(iii) and (1)(b)(ii)); (iii) defendants' liability insurance carriers, and any affiliates or subsidiaries thereof; (iv) any entity in which any defendant has or has had a controlling interest; (v) Granite's employee retirement and benefits plan(s); and (vi) the legal representatives, heirs, estates, agents, successors, or assigns of any person or entity described in the preceding five categories.

ECF No. 159.

On March 10, 2020, Plaintiff filed a motion for partial summary judgment as to the elements of falsity, materiality, and scienter of certain alleged misstatements. ECF No. 138

**The *Nasseri* litigation**

The *Nasseri* litigation was first filed on October 23, 2019. After a demurrer was sustained on the original complaint (*i.e.*, the complaint was dismissed), an amended complaint was filed on September 16, 2020, that alleges securities laws violations in connection with Granite's June 2018 merger with Layne Christensen Company (the "June 2018 Merger"). The amended complaint in the *Nasseri* litigation attached the amended complaint filed by Class Representative in this Litigation on February 20, 2020, which had been sustained in this Litigation. The *Nasseri* case involves the identical factual predicate involved in this Litigation because all the alleged false and misleading financial statements in *Nasseri* are also alleged misstatements in this Litigation. Specifically, the *Nasseri* litigation alleges that Granite and certain current and former executives and directors (and certain other entities and/or individuals), all of whom are Released Defendants as defined in Question 25 below, violated Sections 11, 12(a)(2) and

15 of the Securities Act of 1933 by issuing Granite stock as part of the June 2018 merger pursuant to a registration statement and prospectus that incorporated materially false or misleading statements of fact and failed to disclose material facts as required under the rules and regulations governing the preparation of such documents.  The allegations underlying the falsity of the financial statements incorporated into the registration statement and prospectus in *Nasseri* are the same allegations made in the Litigation.  A demurrer on the amended complaint was overruled on April 6, 2021.  This means that the case was allowed to proceed.

The *Nasseri* litigation was brought on behalf of a purported class consisting of all persons and/or entities who acquired Granite common stock in the June 2018 merger, and who were damaged thereby. All of the persons and/or entities who acquired common stock as part of the merger are, and have always been, members of the Class in the Litigation, which includes all persons and entities who purchased or otherwise acquired Granite stock during the period of February 17, 2017, through October 24, 2019 and were damaged thereby.

For those Class Members who acquired common stock in the June 2018 merger and who held such stock through at least one of the corrective disclosures (that is, they held stock during the time when the Class Representative alleges the truth of Granite's alleged misstatements started to come to light and, thus, the Class Representative maintains such persons were harmed by the resulting drop in Granite's stock price), the Plan of Allocation (as detailed below) provides additional, higher recovery in recognition that such Class Members may have claims under the Securities Exchange Act of 1934 and the Securities Act of 1933.  The Securities Act of 1933 claims are typically easier for plaintiffs to prove because such claims requires proof of fewer elements.

To summarize the relative allocations (the specific amounts are set forth in the Plan of Allocation below at page 20):

(i)     Class Members who purchased shares in the open market, but not pursuant to the June 2018 Merger, have Securities Exchange Act of 1934 claims, but do not have Securities Act of 1933 claims asserted in *Nasseri*.

      a.     To the extent such Class Members sold shares prior to any alleged corrective disclosure, those shares will be assigned a $0.00 Recognized Loss Amount (as defined in the Plan of Allocation below) because under established law the required elements of loss causation or damages cannot be proven.

      b.     To the extent such Class Members held or sold shares after any alleged corrective disclosure, those shares will be assigned a Recognized Loss Amount under the Plan of Allocation's measure of out-of-pocket losses (the "Exchange Act Recognized Loss").

(ii)    Class Members who received shares in the June 2018 Merger have claims under the Securities Exchange Act of 1934 (which have been asserted in this Litigation) *and* claims under the Securities Act of 1933 (asserted in *Nasseri*) for such shares.

a. Such Class Members will be assigned a Recognized Loss Amount based on the statutory formula set forth in the Securities Act of 1933 plus a substantial premium of approximately 121% above the amount computed under the statutory formula. This is in recognition of the fact that the Securities Act of 1933 claims require less proof than the Securities Exchange Act of 1934 claims.

**Settlement Proceedings**

In March and April 2021, the parties engaged in three settlement conferences before Chief Magistrate Judge Joseph C. Spero. The first settlement conference was held on March 11, 2021 pursuant to order of the Court. ECF No. 140. Prior to that settlement conference, the parties submitted settlement conference statements with exhibits. A second settlement conference was held on March 24, 2021, and a third settlement conference was held on April 8, 2021. ECF Nos. 152, 168. Over the course of the three settlement conferences, the parties engaged in arms-length negotiations under the supervision of Judge Spero. At the conclusion of the April 8 settlement conference, the parties accepted Judge Spero's mediator's recommendation to settle the case, reaching a settlement in principle on the terms set forth herein, subject to the approval of the Court

On May 27, 2021, the Class Representative, Class Counsel, the plaintiff in *Nasseri*, and his counsel engaged in a mediation before Judge Spero concerning the proposed Plan of Allocation, which governs how the Settlement Fund will be distributed to investors. At the conclusion of the mediation, the parties agreed to the Plan of Allocation for the Settlement Fund, set forth herein. The plaintiff in Nasseri also moved to intervene for the purpose of (1) seeking appointment as an additional class representative for claimants who acquired Granite stock in the merger with Layne; and (2) seeking appointment of Robbins Geller Rudman & Dowd LLP as additional class counsel for claimants who acquired Granite stock in the merger with Layne. This motion was not opposed and the plaintiff in *Nasseri* was allowed to intervene on July 14, 2021. ECF No. 232.was granted by the Court on _____, 2021.

On _____, 2021, the Court entered an order preliminarily approving the proposed settlement, approving this Notice, setting deadlines, and scheduling the Settlement Hearing to consider whether to grant final approval of the settlement.

**This Notice is NOT an expression of the Court's opinion on the merits of any of the claims in the Litigation or whether Defendants engaged in any wrongdoing.**

To learn more about what has happened in the Litigation to date, including a detailed history, please see the Stipulation and other relevant pleadings which are available at www.GraniteSecuritiesLitigation.com (the "Settlement Website"). Instructions on how to get more information are also included in Question 26 below.

| 3. | Why is this a class action? |
|---|---|

In a class action, one or more persons or entities sue on behalf of people and entities who have similar claims. Together, these people and entities are referred to as a Class, and each is a Class Member. One court resolves the issues for all Class Members at the same time, except for those Class Members

---

EXHIBIT A-1: NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION
CASE NO. 3:19-CV-04744-WHA

who exclude themselves from the Class (the process for which is described more fully in Question 13 below).

| **4.** | **Why is there a settlement?** |

The Class Representative made claims against Defendants on behalf of Class Members. Defendants deny that they have done anything wrong or violated any statute and admit no liability. No court has decided in favor of the Defendants or the Class. Instead, all parties agreed to the settlement to avoid the costs and risks of further litigation, including trial and post-trial appeals, and the Class Representative agreed to the settlement to ensure that Class Members will receive compensation.  The Representative and Class Counsel all believe the settlement is in the best interest of all Class Members in light of the real possibility that continued litigation could result in no recovery at all.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to decide if you are a Class Member.

| **5.** | **How do I know if I am part of the settlement?** |

The Court directed that everyone who fits this description is a Class Member: ***All persons and entities who purchased or otherwise acquired Granite Construction Incorporated common stock during the period of February 17, 2017 through October 24, 2019, inclusive and were damaged thereby,*** except those Persons and entities that are excluded, as described below.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN YOU ARE A CLASS MEMBER OR ENTITLED TO RECEIVE A PAYMENT FROM THE SETTLEMENT. IF YOU ARE A CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO GET A PAYMENT FROM THE SETTLEMENT, YOU MUST SUBMIT THE CLAIM FORM INCLUDED WITH THIS NOTICE SO THAT IT IS POSTMARKED OR SUBMITTED ONLINE BY _____, 2021.**

| **6.** | **Are there exceptions to being included?** |

Excluded from the Class are persons who timely and validly request exclusion from the Class. Also excluded from the Class are (i) defendants and any affiliates or subsidiaries thereof, (ii) present and former officers and directors of Granite and its subsidiaries or affiliates, and their immediate family members (as defined in Item 404 of SEC Regulation S-K, 17 C.F.R. § 229.404, Instructions (1)(a)(iii) and (1)(b)(ii)); (iii) defendants' liability insurance carriers, and any affiliates or subsidiaries thereof; (iv) any entity in which any defendant has or has had a controlling interest; (v) Granite's employee retirement and benefits plan(s); and (vi) the legal representatives, heirs, estates, agents, successors, or assigns of any person or entity described in the preceding five categories.

| **7.** | **What if I am still not sure if I am included?** |

If you are still not sure whether you are included in the settlement, you can ask for free help. You can contact the Claims Administrator toll-free at 1-800-280-6458, or you can fill out and return the Proof of Claim enclosed with this Notice, to see if you qualify.

### THE SETTLEMENT BENEFITS – WHAT YOU GET

| **8.** | **What does the settlement provide?** |
|---|---|

A settlement has been reached in the Litigation between the Class Representative and Defendants, the terms and conditions of which are set forth in the Stipulation and the Exhibits thereto. The following description of the proposed settlement is only a summary, and reference is made to the text of the Stipulation, on file with the Court or accessible at www.GraniteSecuritiesLitigation.com, for a full statement of its provisions.

The Settlement Fund consists of One Hundred Twenty-Nine Million Dollars ($129,000,000.00) in cash, plus any interest earned thereon.

The Settlement Fund will be used to pay expenses for the Litigation and the *Nasseri* action, to pay for this Notice and the processing of claims submitted by Class Members, to pay Taxes and Tax Expenses, and to pay attorneys' fees.

The balance of the Settlement Fund (the "Net Settlement Fund") will be distributed, in accordance with the Plan of Allocation described below, to Class Members who submit valid and timely Proofs of Claim.

The effectiveness of the settlement is subject to a number of conditions and reference to the Stipulation is made for further particulars regarding these conditions.

| **9.** | **How much will my payment be?** |
|---|---|

Your share of the fund will depend on several things, including how many Class Members submit a timely and valid Proof of Claim, the total dollar amount of the claims represented by the valid Proofs of Claim that Class Members send in, the number of shares of Granite common stock you purchased or acquired, how much you paid for the shares, when you purchased or acquired them, and if you sold your shares and for how much.

By following the instructions in the Plan of Allocation, you can calculate your claim. It is unlikely that you will get a payment for the full amount of your claim. After all Class Members have sent in their Proofs of Claim, the payment you get will be a part of the Net Settlement Fund equal to your claim divided by the total of all valid claimants' claims. (See the Plan of Allocation below on pages _____ for more information on your claim.)

| **10.** | **How can I receive a payment?** |
|---|---|

You may submit a Proof of Claim as described below. If you choose this option, you will share in the proceeds of the proposed settlement if your claim is timely, valid, and entitled to a distribution

under the Plan of Allocation described below and if the proposed settlement is finally approved by the Court; and you will be bound by the Judgment and release to be entered by the Court as described below.

**TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND, YOU MUST TIMELY SUBMIT A PROOF OF CLAIM.** A Proof of Claim is enclosed with this Notice or it may be downloaded at www.GraniteSecuritiesLitigation.com. Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and mail or submit it to the Claims Administrator so that it is ***postmarked or electronically submitted no later than _____, 2021.*** The Claim Form may be submitted online at www.GraniteSecuritiesLitigation.com. Unless the Court orders otherwise, if you do not timely submit a valid Proof of Claim, you will be barred from receiving any payments from the Net Settlement Fund, but will in all other respects be bound by the provisions of the Stipulation and the Judgment.

| **11.** | **When would I receive my payment?** |
|---|---|

The Court will hold a Settlement Hearing on _____, ***2021, at ___ __.m.***, to decide whether to approve the settlement. If the Court approves the settlement after that hearing, there might be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| **12.** | **What am I giving up to receive a payment or to stay in the Class?** |
|---|---|

If you do not make a valid and timely request in writing to be excluded from the Class, you will be bound by any and all determinations or judgments in the Litigation in connection with the settlement entered into or approved by the Court, whether favorable or unfavorable to the Class, and you shall be deemed to have, and by operation of the Judgment shall have, fully released all of the Released Claims against the Released Defendants, whether or not you submit a valid Proof of Claim.

## EXCLUDING YOURSELF FROM THE CLASS

| **13.** | **How do I get out of the proposed settlement?** |
|---|---|

If you wish to be excluded from the Class, meaning to opt out of the lawsuit, you must submit a request for exclusion in accordance with the instructions below. **If you choose to be excluded: (1) you will NOT be entitled to share in any recovery from the Net Settlement Fund; (2) you will NOT be bound by any judgment or release entered in this lawsuit; and (3) AT YOUR OWN EXPENSE, you MAY pursue any claims that you have by filing your own lawsuit or taking other action.**

***If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in the Litigation, you may want to consult an attorney and discuss whether it is too late to pursue your individual claim because it may be time-barred by the applicable statutes of limitations or repose.***

***If you are excluded and pursue your own individual action you may also have to produce information and/or documents upon the Defendants' request (a process known as "discovery"), which could include, but not be limited to, providing testimony under oath.***

If you wish to be excluded, you must mail a written request stating that you wish to be excluded from the Class to the Notice Administrator, Epiq Class Action and Claims Solutions, Inc., at the following address:

Granite Securities Litigation<br>
EXCLUSIONS<br>
Epiq Class Action and Claims Solutions, Inc.<br>
P.O. Box 5197<br>
Portland, OR 97208-5197

The request for exclusion must: (1) include your name, address, and telephone number; (2) state that you wish to be "excluded from the Class and do not wish to participate in the settlement in *The Police Retirement System of St. Louis v. Granite Construction Incorporated et al.*, Case No. C 19-04744-WHA"; (3) state whether your shares were held in street name and, if so, by whom state the date(s), price(s), and number(s) of shares of all your purchases, acquisitions, and/or sales of Granite common stock from February 17, 2017 through October 24, 2019, inclusive; and (4) be signed by you.

***YOUR EXCLUSION REQUEST MUST BE POSTMARKED NO LATER THAN _____, 2021***.

No request for exclusion will be considered valid unless all of the information described above is included in any such request. No further opportunity to request exclusion will be given in the Litigation. If you choose to be excluded from the Class, (a) you are not entitled to share in the proceeds of the settlement described herein; (b) you are not bound by any judgment entered in the Litigation; and (c) you are not precluded by the settlement from otherwise prosecuting an individual claim against Defendants, if timely, based on the matters complained of in the Litigation.

**14.    If I do not exclude myself, can I sue the Released Defendants for the same thing later?**

No. Unless you exclude yourself, you give up any rights to sue the Released Defendants for any and all Released Claims. If you have a pending lawsuit against the Released Defendants, speak to your lawyer in that case immediately. You must exclude yourself from the Class if you want to continue your own lawsuit. Remember, the exclusion deadline is _____, ***2021***.

**15.    If I exclude myself, can I get money from the proposed settlement?**

No. If you exclude yourself, you may not send in a Proof of Claim to ask for any money.

**THE LAWYERS REPRESENTING YOU**

**16.    Do I have a lawyer in this case?**

The Court appointed the law firm of Bleichmar Fonti & Auld LLP to represent the class in this Litigation, including you (assuming you are a Class Member). These lawyers are called Class Counsel.

EXHIBIT A-1: NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION
CASE NO. 3:19-CV-04744-WHA

You will not be charged for these lawyers. They will be paid from the Settlement Fund to the extent the Court approves their application for fees and expenses. If you want to be represented by your own lawyer, you may hire one at your own expense.

**17.    How will the lawyers be paid?**

At the Settlement Hearing, Class Counsel will request that the Court award aggregate attorneys' fees according to the terms of the retainer agreement between the Class Representative and Class Counsel. These attorney's fees are estimated to be no more than 18% of the Settlement Amount, or $23,220,000. Class members are not personally liable for any such fees or any other expenses (estimated not to exceed $950,000 for litigation expenses, and $550,000 for Notice and Administration Expenses). The net recovery for Class Members (also referred to as the Net Settlement Fund) is estimated to be at least $104,280,000 ($129,000,000 minus all of the foregoing fees and expenses).

Class Counsel states that it has litigated this case on behalf of the Class Representative and the Class for over eighteen months against the Defendants, who are currently represented by four different law firms. On behalf of the Class, Class Counsel conducted an extensive investigation and drafted a substantially enhanced amended complaint that included new theories of liability alleging technical violations of Generally Accepted Accounting Principles; defeated Defendants' motion to dismiss the complaint; obtained class certification; resolved numerous discovery disputes; and litigated one such discovery dispute before the Court. Class Counsel also propounded dozens of document requests and subpoenas and obtained and analyzed nearly 2 million pages of documents from the Defendants as well as third parties, including Granite's auditors and certain construction joint ventures. Additionally, Class Counsel deposed three current or former Granite employees, including one 30(b)(6) deposition on seven noticed topics, and, at the time this settlement was reached, had scheduled, assigned teams to prepare, and was preparing to take 12 additional fact witness depositions and a further 30(b)(6) deposition. Class Counsel also served written interrogatories on Defendant Granite.  Based on extensive investigation, Class Counsel moved for partial summary judgment for particular elements of certain claims based on information obtained during the course of discovery.  Pursuant to the Class Representative's retainer agreement with Class Counsel, which the Court reviewed prior to appointing Class Counsel, Class Counsel will not receive any compensation for any of its time, and no reimbursement for any of its expenses, absent a recovery for the Class Representative and the Class.

To date, Class Counsel has not received any payment for their services representing Class Members, nor has it been paid any of its expenses. The fees requested by Class Counsel will compensate counsel for its efforts in achieving the settlement for the benefit of the Class, and for the risks it undertook in representing the Class on a wholly contingent basis. Class Counsel believes that its total attorneys' fee request is well within the range of fees awarded to plaintiff's counsel under similar circumstances in other litigation of this type. The percentage fee award that Class Counsel will request is consistent with the fee caps that were approved by the Class Representative and shared with the Court at the outset of the Litigation.

**18.    Can I hire my own lawyer?**

If you are a Class Member, you may, but are not required to, enter an appearance through counsel of your own choosing and at your own expense, provided that such counsel must file an appearance on your behalf on or before _____, 2021, and must serve copies of such appearance on the attorneys listed

below. If you do not enter an appearance through counsel of your own choosing, you will be represented by Class Counsel: Peter E. Borkon, Bleichmar Fonti & Auld LLP, 555 12th Street, Oakland, CA 94607, Telephone: 888-879-9418.

**Class Counsel**
Bleichmar Fonti & Auld LLP
Peter E. Borkon
555 12th Street
Oakland, CA 94607
Telephone: 888-879-9418

Counsel for the defendants are listed below:

**Counsel for Defendant Granite**
Munger, Tolles & Olson LLP
David Fry
500 Mission Street
San Francisco, CA 94105

**Counsel for Defendant Roberts**
O'Melveny & Myers LLP
Amy S. Park
2765 Sand Hill Road
Menlo Park, CA 94025

**Counsel for Defendant Desai**
Wilmer Cutler Pickering Hale and Dorr LLP
Michael Mugmon
1 Front Street, Suite 3500
San Francisco, California 94111

**Counsel for Defendant Krzeminski**
Kobre & Kim LLP
Hartley M.K. West
150 California Street, 19th Floor
San Francisco, California 94111

## OBJECTING TO THE SETTLEMENT

| **19.** | **How do I tell the Court that I object to the proposed settlement?** |
|---|---|

Any Class Member who objects to any aspect of the settlement, including the Plan of Allocation, or the application for attorneys' fees and expenses, may appear and ask to be heard at the Settlement

Hearing. The Court can only approve or deny the settlement; the Court cannot change its terms. You can ask the Court to deny approval of the settlement by filing an objection.

You may object to the proposed settlement in writing. You may also appear at the Settlement Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for any legal expenses charged by that attorney. Any objection must (1) include your name, address, and telephone number; (2) clearly identify the case name and number (*The Police Retirement System of St. Louis v. Granite Construction Incorporated et al.*, Case No. C 19-04744-WHA (N.D. Cal.)); (3)   demonstrate your membership in the Class, including the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and/or sales of Granite common stock from February 17, 2017 through October 24, 2019, inclusive; (4) contain a statement of the reasons for objection; and (5) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing them in person at any location of the United States District Court for the Northern District of California, or electronically by ECF on the docket for this case. Such objections, papers, and briefs must be **received or filed, not simply postmarked, on or before _____, 2021**.

Only Class Members who have submitted written notices of objection in the manner and time provided above will be heard at the Settlement Hearing, unless the Court orders otherwise. Any Class Member who does not make their objection in the manner and time provided above shall be deemed to have waived such objection and shall be foreclosed from making any objection to the fairness or adequacy of the proposed settlement, to the Plan of Allocation, or to the award of attorneys' fees and expenses, unless otherwise ordered by the Court.

| **20.** | **What is the difference between objecting and excluding myself?** |
|---|---|

Objecting is telling the Court that you do not like something about the proposed settlement, the Plan of Allocation, or the attorneys' fee and expense application. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. Do not submit both an objection and a request for exclusion. If you submit both, your objection will be disregarded.

### THE COURT'S SETTLEMENT HEARING

| **21.** | **When and where will the Court decide whether to approve the proposed settlement?** |
|---|---|

The Settlement Hearing will be held on _____, **2021, at** ____, before the Honorable William Alsup, United States District Judge, at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102. The purpose of the Settlement Hearing will be to determine: (1) whether the proposed settlement, as set forth in the Stipulation, consisting of One Hundred Twenty-Nine Million Dollars ($129,000,000.00) in cash, should be approved as fair, reasonable, and adequate to the Class Members; (2) whether the proposed plan to distribute the Net Settlement Fund (the "Plan of Allocation") is fair, reasonable, and adequate; (3) whether the applications by Class Counsel for attorneys' fees and expenses should be approved; and (4) whether the proposed Judgment should be entered. **The Court may adjourn the Settlement Hearing to another time (*i.e.*, reschedule) without further notice to the Class. Before the Settlement Hearing, Class**

Members who plan to attend should check the Settlement Website or the Court's PACER site (*see* Question 26 below) to confirm that the date of the Settlement Hearing has not been changed.

| **22.** | **Do I have to attend the hearing?** |
|---|---|

No. Class Counsel will answer questions the Court may have. But you are welcome to attend at your own expense. If you send an objection or statement in support of the settlement, you are not required to go to Court to discuss it. As long as you mailed your objection on time, the Court will consider it. You may also pay your own lawyer to attend, but you are not required to do so. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| **23.** | **May I speak at the hearing?** |
|---|---|

If you object to any aspect of the settlement, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include in your objection (*see* Question 19 above) a statement saying that it is your "Notice of Intention to Appear in *The Police Retirement System of St. Louis v. Granite Construction Incorporated et al.*, Case No. C 19-04744-WHA." Persons who intend to object to any aspect of the settlement, and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. You cannot speak at the hearing if you exclude yourself.

| **24.** | **What happens if I do nothing at all?** |
|---|---|

You may do nothing at all. If you choose this option, you will not share in the proceeds of the settlement, but you will be bound by any judgment entered by the Court, and you shall be deemed to have, and by operation of the Judgment shall have, fully released all of the Released Claims against the Released Defendants.

## DISMISSALS AND RELEASES

| **25.** | **What happens if the proposed settlement is approved?** |
|---|---|

As a Class Member, in consideration for the benefits of the settlement, you will be bound by the terms of the settlement and you will release the Released Defendants from the Released Claims as defined below.

"Released Claims" means any and all claims, rights, causes of action, liabilities, actions, suits, damages, or demands (including unknown claims) of any kind whatsoever, that the Class Representative or any Class Member has that relate in any way to the purchase, acquisition, holding, sale, or disposition of Granite common stock by Class Members during the period between February 17, 2017 and October 24, 2019, inclusive, and either: (a) arise out of or are based upon or related to the facts alleged or the claims or allegations set forth in the Action; or (b) relate in any way to any alleged violation of the Securities Act of 1933, the Securities Exchange Act of 1934, or any other state, federal or foreign jurisdiction's securities or other laws, any alleged misstatement, omission or disclosure (including in financial statements) or other alleged securities-related wrongdoing or misconduct by the Released Defendants. Without limiting the foregoing, "Released Claims" includes all claims against the Released

Defendants alleged in *Nasseri v. Granite Construction, Inc., et al.*, Superior Court of the State of California, Santa Cruz County Case No. 19CV03208. "Released Claims" does not include shareholder derivative claims against the Released Defendants alleged in *English v. Roberts, et al.*, No. 5:20-cv-03116-WHA (N.D. Cal.). Notwithstanding the foregoing, "Released Claims" does not include claims relating to the enforcement of the Settlement.

"Released Defendants" means each and all of the Defendants and each of their Related Parties. "Related Parties" means, as applicable, each of a person or entity's respective present and former parents, subsidiaries, divisions, joint ventures, affiliates, and each of their respective present and former employees, members, partners, principals, agents, officers, directors, controlling shareholders, attorneys, advisors, accountants, auditors, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, insurers, coinsurers, reinsurers, related or affiliated entities, predecessors, successors, spouses, estates, heirs, executors, trusts, trustees, administrators, agents, representatives, and assigns, in their capacity as such, and any entity in which a person or entity has a controlling interest

If the proposed settlement is approved, the Court will enter a Judgment (the "Judgment"). In addition, upon the Effective Date of the Judgment, the Class Representative and all Class Members and anyone claiming through or on behalf of any of them shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Defendants, whether or not such Class Member executes and delivers the Proof of Claim and Release, whether or not such Class Member shares in the Settlement Fund, and whether or not such Class member objects to the settlement, and will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal or administrative forum, asserting any and all Released Claims against any of the Released Defendants, except to enforce the Stipulation.

## GETTING MORE INFORMATION

**26.    How do I get more information about the proposed settlement?**

This Notice contains only a summary of the terms of the proposed settlement and does not describe all of the details of the Stipulation. For the precise terms and conditions of the settlement, please see the Stipulation available at www.GraniteSecuritiesLitigation.com; by contacting Class Counsel at 888-879-9418; by accessing the Court docket in the Litigation through the Federal Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.**

If you have any questions about the settlement, you may contact Class Counsel by writing to:

Bleichmar Fonti & Auld LLP
Peter E. Borkon

---

EXHIBIT A-1: NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION
CASE NO. 3:19-CV-04744-WHA

555 12th Street
Oakland, CA 94607
Telephone: 888-879-9418

## SPECIAL NOTICE TO NOMINEES

Nominees who purchased or otherwise acquired Granite common stock for the beneficial interest of other Persons between February 17, 2017 and October 24, 2019, inclusive, shall either: (i) within seven (7) calendar days of receipt of this Notice, request from the Notice Administrator sufficient copies of the Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notices forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to the Notice Administrator at *Granite Securities Litigation*, c/o Epiq Class Action and Claims Solutions, Inc., P.O. Box 5197, Portland, OR 97208-5197.

If you choose the first option, you must send a statement to the Administrator confirming that the mailing was made and **you must retain your mailing records for use in connection with any further notices that may be provided in the Action**.

If you choose the second option, the Administrator will send a copy of the Notice to the beneficial owners.

Upon full and timely compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Notice Administrator with proper documentation supporting the expenses for which reimbursement is sought.

Copies of this Notice may also be obtained from www.GraniteSecuritiesLitigation.com, or by calling the Notice Administrator toll free at 1-800-280-6458

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND

1. In developing the Plan of Allocation, the Class Representative's damages expert calculated the estimated amount of artificial inflation in the per share closing price of Granite common stock which allegedly was proximately caused by Defendants' alleged false and misleading statements and material omissions.

2. For each purchase or acquisition of Granite common stock between February 17, 2017 and October 24, 2019, inclusive (the "Class Period") that is listed in the Claim Form and properly documented, a "Recognized Loss Amount" will be calculated according to the formula(s) described below.  To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number, that number will be set to zero.

3. Pursuant to the Plan of Allocation, a Class Member may have a claim under the Securities Act of 1933 (the "Securities Act") and/or Securities Exchange Act of 1934 (the "Exchange Act"), as described below.

---

EXHIBIT A-1: NOTICE OF PENDENCY AND PROPOSED Settlement of Class Action
Case No. 3:19-CV-04744-WHA

## I.   Exchange Act Recognized Loss Amount Calculations

4.  In calculating the estimated artificial inflation allegedly caused by Defendants' misrepresentations and omissions, the Class Representative's damages expert considered price changes in Granite common stock in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged misrepresentations and material omissions, adjusting for price changes that were attributable to market or industry forces.

5.  In order to have recoverable damages under the Exchange Act, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of Granite common stock.  In this case, the Class Representative alleges that Defendants made false statements and omitted material facts during the Class Period, which had the effect of artificially inflating the price of Granite common stock.  The Class Representative further alleges that corrective information was released to the market on July 29, 2019 (after market close), August 2, 2019 (prior to market open), and October 25, 2019 (prior to market open), which removed artificial inflation from the price of Granite common stock on July 30, 2019, August 2, 2019, and October 25, 2019.

6.  Recognized Loss Amounts are based primarily on the difference in the amount of alleged artificial inflation in the prices of Granite common stock at the time of purchase or acquisition and at the time of sale.  Accordingly, in order to have a Recognized Loss under the Plan of Allocation, an Authorized Claimant must have purchased or otherwise acquired Granite common stock during the Class Period and held such Granite common stock through at least one of the alleged corrective disclosures that removed artificial inflation from the price of Granite common stock.

7.  Based on the formula stated below, a Recognized Loss Amount will be calculated for each purchase or acquisition of Granite common stock that is listed on the Claim Form and for which adequate documentation is provided.[2]  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that number will be zero.

8.  For each share of Granite common stock purchased or otherwise acquired during the Class Period (from February 17, 2017 through and including October 24, 2019), excluding shares received as a result of a conversion from Layne common stock to Granite common stock on June 15, 2018, and:

    a.  Sold before July 30, 2019, the Recognized Loss Amount will be $0.00.

    b.  Sold from July 30, 2019 through and including October 24, 2019, the Recognized Loss Amount will be the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A *minus* the amount of artificial inflation per share on the date of sale as stated in Table A.

---

[2] The following formulas do not apply to shares acquired in the merger with Layne Christensen on June 14, 2018 as described in the section below titled "Securities Act Recognized Loss Amount Calculations".

c. Sold from October 25, 2019 through and including the close of trading on January 22, 2020, the Recognized Loss Amount will be *the lesser of*: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; (ii) the purchase/acquisition price *minus* the average closing price between October 25, 2019 and the date of sale as stated in Table B below.

d. Held as of the close of trading on January 22, 2020, the Recognized Loss Amount will be *the lesser of*: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; or (ii) the purchase/acquisition price minus $26.71.[3]

## II.    Securities Act Recognized Loss Amount Calculations

9. For shares of Granite common stock received as a result of the conversion from Layne common stock to Granite common stock on June 15, 2018 in accordance with the June 14, 2018 completion of merger with Layne Christensen, the Recognized Loss shall be calculated under the Securities Act's statutory formula for the calculation of damages, as provided below in Paragraphs 10 and 11.

10. For each share of Granite common stock received as a result of a conversion from Layne common stock to Granite common stock on June 15, 2018 and:

a. Sold before October 23, 2019, the Recognized Loss Amount shall be $57.54 (the Layne conversion purchase/acquisition price per share) minus the sale price per share.

b. Sold from October 23, 2019[4] through [the mailing date of the Settlement Notice], the Recognized Loss Amount shall be $57.54 (the Layne conversion purchase/acquisition price per share) minus the greater of (i) the sale price per share; or (ii) $26.35, the value of Granite stock on the date of suit.

c. Held through the close of trading on [the mailing date of the Settlement Notice], the Recognized Loss Amount shall be $31.19 ($57.54, the Layne conversion

---

[3] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Granite common stock during the "90-day look-back period," October 25, 2019 through and including January 22, 2020. The mean (average) closing price for Granite common stock during this 90-day look-back period was $26.71.

[4] For purposes of the statutory calculations, October 23, 2019, the date of filing of the initial Section 11 complaint in *Nasseri*, is the date of suit.

purchase/acquisition price per share, minus $26.35, the value of Granite stock on the date of suit).

11. To reflect the differences in the standard of proof under Securities Act Claims and Exchange Act Claims, the Recognized Loss Amounts calculated in the previous paragraph parts a. through c. shall be multiplied by 2.21.[5]

## ADDITIONAL PROVISIONS

12. **Calculation of Claimant's "Recognized Claim":**  A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above with respect to Granite common stock.

13. **FIFO Matching:**  If a Class Member made more than one purchase/acquisition or sale of Granite common stock during the Settlement Class Period, all purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis.  Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

14. **"Purchase/Sale" Dates:**  Purchases or acquisitions and sales of Granite common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance, or operation of law of Granite common stock during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of Granite common stock for the calculation of a Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of Granite common stock unless (i) the donor or decedent purchased or otherwise acquired or sold Granite common stock during the Settlement Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Granite common stock.

15. **Short Sales:**  The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Granite common stock.  The date of a "short sale" is deemed to be the date of sale of the Granite common stock.  In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

16. In the event that a Claimant has an opening short position in Granite common stock, the earliest purchases or acquisitions of Granite common stock during the Settlement Class Period will be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

---

[5] For example, under Section 11, plaintiffs need not prove intent to defraud; such proof is required under Section 10(b).

17. **Common Stock Purchased/Sold Through the Exercise of Options:**  With respect to Granite common stock purchased or sold through the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

18. **Determination of Distribution Amount:**  If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

19. If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

20. If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant

**TABLE A**

**Estimated Artificial Inflation with Respect to Granite Common Stock Transactions February 17, 2017 through and including October 24, 2019**

| Date Range | Artificial Inflation Per Share |
|---|---|
| February 17, 2017 – July 29, 2019 | $21.37 |
| July 30, 2019 – August 1, 2019 | $12.84 |
| August 2, 2019 – October 24, 2019 | $11.08 |

**TABLE B**
**90-Day Look-back Table for Granite Common Stock**
**Closing Price and Average Closing Price**
**October 25, 2019 through January 22, 2020**

| Date | Closing Price | Average Closing Price Between October 25, 2019 and Date Shown | Date | Closing Price | Average Closing Price Between October 25, 2019 and Date Shown |
|---|---|---|---|---|---|
| 10/25/2019 | $26.25 | $26.25 | 12/9/2019 | $25.36 | $26.13 |
| 10/28/2019 | $25.73 | $25.99 | 12/10/2019 | $25.39 | $26.11 |
| 10/29/2019 | $23.75 | $25.24 | 12/11/2019 | $26.31 | $26.12 |
| 10/30/2019 | $24.19 | $24.98 | 12/12/2019 | $27.58 | $26.16 |
| 10/31/2019 | $23.54 | $24.69 | 12/13/2019 | $26.22 | $26.16 |
| 11/1/2019 | $25.23 | $24.78 | 12/16/2019 | $28.20 | $26.22 |
| 11/4/2019 | $26.77 | $25.07 | 12/17/2019 | $28.09 | $26.27 |
| 11/5/2019 | $27.25 | $25.34 | 12/18/2019 | $27.74 | $26.31 |
| 11/6/2019 | $26.61 | $25.48 | 12/19/2019 | $27.83 | $26.35 |
| 11/7/2019 | $27.80 | $25.71 | 12/20/2019 | $28.02 | $26.39 |
| 11/8/2019 | $27.95 | $25.92 | 12/23/2019 | $27.93 | $26.42 |
| 11/11/2019 | $27.52 | $26.05 | 12/24/2019 | $27.15 | $26.44 |
| 11/12/2019 | $27.41 | $26.15 | 12/26/2019 | $27.55 | $26.47 |
| 11/13/2019 | $27.16 | $26.23 | 12/27/2019 | $26.94 | $26.48 |
| 11/14/2019 | $27.28 | $26.30 | 12/30/2019 | $27.48 | $26.50 |
| 11/15/2019 | $27.10 | $26.35 | 12/31/2019 | $27.67 | $26.53 |
| 11/18/2019 | $26.51 | $26.36 | 1/2/2020 | $27.59 | $26.55 |
| 11/19/2019 | $26.75 | $26.38 | 1/3/2020 | $27.94 | $26.58 |
| 11/20/2019 | $26.25 | $26.37 | 1/6/2020 | $28.03 | $26.61 |
| 11/21/2019 | $26.18 | $26.36 | 1/7/2020 | $27.75 | $26.63 |
| 11/22/2019 | $26.13 | $26.35 | 1/8/2020 | $27.58 | $26.65 |
| 11/25/2019 | $26.85 | $26.37 | 1/9/2020 | $27.67 | $26.67 |
| 11/26/2019 | $26.16 | $26.36 | 1/10/2020 | $27.68 | $26.69 |
| 11/27/2019 | $25.81 | $26.34 | 1/13/2020 | $26.12 | $26.68 |
| 11/29/2019 | $25.76 | $26.32 | 1/14/2020 | $26.89 | $26.68 |
| 12/2/2019 | $25.28 | $26.28 | 1/15/2020 | $27.32 | $26.69 |
| 12/3/2019 | $24.98 | $26.23 | 1/16/2020 | $27.54 | $26.71 |
| 12/4/2019 | $25.28 | $26.20 | 1/17/2020 | $26.76 | $26.71 |
| 12/5/2019 | $25.92 | $26.19 | 1/21/2020 | $26.78 | $26.71 |
| 12/6/2019 | $25.34 | $26.16 | 1/22/2020 | $26.56 | $26.71 |

DATED:_____         BY ORDER OF THE COURT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA